Cortland A. Johnson, J.
Plaintiff, a surety company, seeks to recover from defendants (indemnitors) a portion of its alleged losses on a construction bond given to secure performance and payment of claims.
During 1951, the individual defendants agreed to indemnify plaintiff for loss which it might sustain by reason of its execution and delivery of three separate bonds given to obtain the award to Eugene Higgins, Inc. (a corporation of which the individual defendants were officers) of three separate contracts for school construction.
All the bonds contained the same provisions (so far as this litigation depends thereon) in the following language: “and, further, shall pay or cause to be paid all lawful claims of subcontractors and of materialmen and other third persons arising out of or in connection with said contract and the work, labor, services, supplies, and material furnished in and about the performance and completion thereof, then these obligations shall be null and void; other wise they shall remain in full force and effect, provided, however, that this bond is subject to the following additional conditions and limitations: (a) All persons who have performed labor or rendered services, as aforesaid, all subcontractors, and all persons, firms, corporations, including materialmen and third persons, as aforesaid, furnishing work, labor, services, supplies, and material under or in connection with said Contract or in or about the performance and completion thereof, shall have a direct right of action * * * against the Principal and its successors and assigns and/or the Surety and its successors and assigns on this bond.”
The corporation builder became insolvent and plaintiff was called upon to pay claims for labor and material asserted by various subcontractors. Its present attempt to recover its loss is resisted by the defendants upon several grounds.
At the outset, it would seem that defendants’ defenses might all be disposed of by reference to the following provisions of the indemnity agreements:
Paragraph XIV: “The vouchers or other evidence of any payment made in good faith by the Company arising out of or in connection with the bond or bonds herein applied for shall be taken as conclusive evidence not only against the undersigned jointly and severally, but as well against the respective heirs, executors, administrators, successors and assigns, of the fact and extent of liability of undersigned to the Company.”
Paragraph XV: “ The Company shall have the exclusive right to decide and determine whether any claim, demand, liability, suit, action, order, judgment or adjudication, made or brought *373 against the Company on the bond or bonds herein applied for, shall or shall not be defended, tried or appealed, and its decision shall be final, conclusive and binding upon the undersigned, and any order, judgment or adjudication made, entered or affirmed as a result thereof, or any loss, cost, charge, expense or liability thereby incurred, sustained or paid, shall be borne by the undersigned and the undersigned expressly thereto consents.” These provisions, the court believes, prevent defendants from asserting any of the defenses here urged (Maryland Cas. Co. v. Grace, 292 N. Y. 194; National Sur. Co. v. Fulton, 192 App. Div. 645). But since counsel have carefully briefed their theories of the case, the court will state its conclusions as to the validity of the defenses on the merits.
The court believes that the bonds involved herein had a twofold purpose, neither paramount, but both equally important: The one, to protect the school district and secure complete performance of the building contract; the other, to see that all labor, materials, supplies and equipment used on the job was paid for, without imposing upon laborers, materialmen, suppliers or subcontractors, the necessity of enforcing their claims by the filing and foreclosure of mechanics ’ liens (Maltby & Sons Co. v. Wade, 131 Misc. 143, affd. 224 App. Div. 779).
The district, in the court’s opinion, had the right to exact such a bond, even in the absence of express statutory authority (McGlare v. Massachusetts Bonding & Ins. Co., 266 N. Y. 371), and the bond having been given and the surety company having construed its liability therein to its own detriment in the manner indicated and the buildings having been completed, there is no legal obstacle to its recovery from the defendant indemnitors to the extent provided by their agreement (Johnson Service Co. v. E. H. Monin, Inc., 253 N. Y. 417).
It follows that there must be judgment for the plaintiff in the amount of $47,500, without interest or costs, that amount being a figure stipulated as proper, should the court deem any judgment in favor of the plaintiff to be warranted.
No further findings are required. Proceed on notice.