Samuel H. Hofstadter, J.
Plaintiff moves for summary judgment against the defendants Frank D. Mandell and John *619 P. Marsi. They were the indemnitors upon the performance bond furnished by the plaintiff on behalf of the corporate defendant in connection with a public improvement. Defendants endeavor to establish that plaintiff’s payment of the alleged completion cost was made in bad faith and without investigation and that the bills which plaintiff did pay involved for the most part work not required to be done by the contractor, whose performance bond plaintiff supplied. The indemnity agreement provided that plaintiff may adjust, settle or compromise any claim, demand, suit or judgment unless the indemnitors request the plaintiff to litigate or defend and at the same time furnish required collateral. Such agreement further provided that the liability of the indemnitors shall extend to the full amount of any moneys paid in settlement or compromise of any claim, suit or judgment in good faith, under the belief that plaintiff was liable, whether liable or not, and evidence of such payment shall be prima facie evidence of the fact and extent of the liability of the indemnitors.
The defendants received due notice of the claims made against the plaintiff at least by the letters of September 19,1958, together with its enclosure, and of November 7, 1958; nor was objection raised to any of the contents of the letters of May 11, May 21, June 15, June 27 and August 18,1959, received by the defendants after payment had been made.
This action was commenced some time after September 22, 1959. In their answer the defendants alleged that the corporate defendant had fully performed, and they now urge such full performance save as to a small item. They cannot be permitted at this time to claim full performance when, at the appropriate time and with due notice of the claims made against the plaintiff, they failed to take such position or otherwise to comply with the provisions of the indemnity agreement affording the opportunity to demand that plaintiff dispute or litigate or defend the claim or to indemnify the plaintiff. Plaintiff had been authorized to make payment under the belief that it was liable, whether liable or not, and there is nothing developed to demonstrate that payment by the plaintiff was not made in good faith or that the defendants did anything required of them under the indemnity agreement tending to impugn the paymenin any manner.
No triable issue is raised as to the plaintiff’s good faith. The motion is granted, leaving for assessment that portion of plaintiff’s claim to reimbursement for the expense of legal fee incurred. Settle order.