■ HOME INDEMNITY COMPANY, Respondent, v FRANCIS S. WACHTER et al., Appellants.—In an action by a surety to recover from its indemnitors, the indemnitors appeal from an

order of the Supreme Court, Suffolk County (Campbell, J.), dated August 28, 1984, which granted the surety's motion for partial summary judgment.

Order affirmed, with costs.

Defendants Francis and Dorothy Wachter issued to plaintiff-surety Home Indemnity Company a general indemnity agreement to induce the surety to issue various performance and payment bonds required for a contractor, Babylon Construction Corporation (hereinafter Babylon), to perform construction work at a public school. The indemnitors, as owners of this now defunct construction company, defaulted on a subcontract, and the subcontractor filed a mechanic's lien against the school, claiming approximately $25,000 to be due and owing from Babylon. The subcontractor then commenced an action against, *inter alia,* Babylon, the surety and the public school. The principal contractor, having no financial resources, surrendered the defense of the action to the surety, who settled the action and subsequently instituted this action for reimbursement from the indemnitors pursuant to the indemnity agreement, which provides that "[t]he Indemnitors will indemnify the Surety and hold it harmless" against any expenses it may incur as a result of the issuance of a bond. The surety then moved for partial summary judgment against the indemnitors.

Special Term properly granted partial summary judgment against the indemnitors, determining that the agreement between the parties governs their respective rights and obligations.

The record indicates that the surety prudently entered into the settlement, particularly in light of the absence of any valid defenses or counterclaims. Furthermore, the indemnitors were contractually bound to accept any good-faith determination the surety deemed appropriate with respect to the settlement of any claim.

The indemnitors' assertion that the surety should be equitably estopped from enforcing the agreement because the indemnitors were induced by the surety's attorney into believing that the surety would not seek indemnification is meritless. They have demonstrated neither a justifiable reliance on the alleged oral representation *(see, Metropolitan Life Ins. Co. v Childs Co.,* 230 NY 285, *rearg denied* 231 NY 551), nor substantial prejudice as a result of a change in position *(see, Glenesk v Guidance Realty Corp.,* 36 AD2d 852).

The indemnitors failed to make an evidentiary showing

which establishes the existence of triable issues of fact sufficient to overcome the effect of the "conclusive evidence" clause of the agreement, which provides in pertinent part that "[v]ouchers for payments by the Surety, or a sworn statement by an officer of the Surety, shall be conclusive evidence of the Indemnitors' liability to the Surety for such payments" *(see, United States Fid. & Guar. Co. v Green,* 34 AD2d 935). Mangano, J. P., Rubin, Eiber and Kooper, JJ., concur.