■ REPUBLIC INSURANCE COMPANY, Respondent, v REAL DE-VELOPMENT Co. et al., Appellants.—Judgment of the Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered October 16, 1989, granting plaintiff's motion for summary judgment against all the defendants in the amount of $125,-000 plus interest from June 1982, unanimously affirmed, with costs. Appeal from the order of the same court (Phyllis Gangel-Jacob, J.), entered on or about October 5, 1989, dismissed, said order having been subsumed in the judgment, without costs or disbursements.

Defendants purchased land in Suffolk County for subdivision and development. The Town of Brookhaven required performance bonds on all such development. Defendants obtained financial assurances from plaintiff, in the form of nine bonds to cover five subdivided parcels of the project. The parties then entered into an indemnification agreement whereby defendants agreed to reimburse plaintiff for any payments on these bonds, to include the good-faith settlement or compromise of any claims or lawsuits thereunder. Regardless of whether defendants were liable or not, an itemized and attested statement as to such payment, settlement or compromise would be prima facie evidence of defendants' liability under this indemnification agreement. Defendants further waived any notice of breach of the bonds or the underlying contracts.

Defendants completed most of the development on two of the five parcels and then abandoned the remainder of the project as financially unfeasible. After foreclosure on defendants' mortgage on the property, other developers came in and completed the project. The Town of Brookhaven eventually lodged claims in the amount of $220,000 for defendants' failure to complete two of the parcels and failure to do any work on the remainder of the project. Plaintiff, the surety bondsman, negotiated a settlement of these claims in the amount of $125,000. Less than six years later, plaintiff brought the instant action for indemnification.

Defendants sought to imply a right to notice before compromise of any claim, citing paragraph 4-e of the indemnification agreement which provided that the surety retained the option to settle or compromise any claim "unless the indemnitors shall request such surety * * * to litigate such claim". However, absent a specific provision in the indemnification agreement, an indemnitee is not required to give notice of claims on the underlying surety bond to the indemnitor (*Feuer v Menkes Feuer, Inc.*, 8 AD2d 294, 298). The indemnification

agreement herein not only contained no such provision for notice, but in fact contained a waiver of such notice requirement to the indemnitor. Under such circumstances, the burden is on the indemnitors, who were much more familiar with the underlying obligations, to prove that the surety's compromise of the claims against the performance bonds was made in bad faith *(United States Fid. & Guar. Co. v Green,* 34 AD2d 935, *lv denied* 27 NY2d 488). In the absence of evidence to the contrary, the clear import of the indemnification agreement rendered this case appropriate for summary disposition *(Home Indem. Co. v Wachter,* 115 AD2d 590).

The equitable defense of laches is unavailable in this action at law, where dispositive consideration must be given to the applicable Statute of Limitations *(T.R. Am. Chems. v Seaboard Sur. Co.,* 116 Misc 2d 874, 879-880; CPLR 213). Concur—Murphy, P. J., Sullivan, Milonas, Rosenberger and Asch, JJ.