■ INTERNATIONAL FIDELITY INSURANCE COMPANY, Appellant,

v Joseph M. Spadafina, Respondent. [596 NYS2d 453] —In an action by the plaintiff surety for reimbursement from the defendant indemnitor pursuant to an indemnity contract, the plaintiff surety appeals from so much of an order of the Supreme Court, Nassau County (McCabe, J.), dated December 5, 1990, as denied its motion for summary judgment.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the plaintiff's motion for summary judgment is granted, and the matter is remitted to the Supreme Court, Nassau County, for determination of damages and entry of an appropriate judgment.

The basic facts of this case are not in dispute. The defendant Joseph Spadafina is the president of a company, Autotronics Products, Inc. (hereinafter Autotronics) (now in bankruptcy and not a defendant), that contracted with the United States Government to install lights at an airport in Virginia. Pursuant to this contract, Autotronics subcontracted with Kelly Electrical Construction, Inc. (hereinafter Kelly) to supply certain labor and materials. As required by Federal law, Autotronics obtained and filed various performance and payment bonds indemnifying Kelly for its work. Under an indemnity agreement, the plaintiff, International Fidelity Insurance Company (hereinafter International), agreed to be a surety for these bonds and Spadafina, both as president of Autotronics and individually, agreed to indemnify International. Kelly, claiming it was owed money by Autotronics, commenced a suit against International in Federal court in Virginia. International settled this suit. Thereafter, pursuant to the indemnity contract, International sought reimbursement from Spadafina as indemnitor. When Spadafina refused to reimburse International, International commenced this suit and moved for summary judgment. Spadafina alleged in his answer that Autotronics had tendered payment to Kelly pursuant to their subcontract and that Kelly had wrongfully refused the tender (thereby releasing Autotronics and International from liability). The Supreme Court held that this created an issue of fact as to whether Spadafina was liable on the underlying debt, and denied summary judgment. We reverse.

Pursuant to the terms of the indemnity agreement between International and Spadafina, International had the authority to: "charge [Spadafina] for any and all disbursements made by it in good faith in and about matters herein contemplated by this Agreement under the belief that it is or was liable for the sums and amounts so disbursed, or that it was necessary or

expedient to make such disbursements, whether or not such liability, necessity or expediency existed; and that vouchers or other evidence of any such payments made by the Surety shall be prima facie evidence of the fact and amount of the liability to the Surety". Courts have upheld the validity of such contractual arrangements and have ruled that payments made by sureties under such provisions are scrutinized only for good faith and reasonableness as to the amount paid (see, *Maryland Cas. Co. v Grace*, 292 NY 194; *Aetna Cas. & Sur. Co. v Fleischman Wine & Liq. Co.*, 269 NY 614; *Home Indem. Co. v Wachter*, 115 AD2d 590; *National Sur. Co. v Fulton*, 192 App Div 645; *Continental Cas. Co. v Marman Dev. Corp.*, 23 Misc 2d 618; *Standard Acc. Ins. Co. v Higgins*, 9 Misc 2d 371; *Fidelity & Dep. Co. v Bristol Steel & Iron Works*, 722 F2d 1160). Under this analysis, it is irrelevant whether Spadafina was actually liable on the underlying debt to Kelly (see, *Continental Cas. Co. v Marman Dev. Corp., supra*). Here, International has stated a prima facie case under the contract by submitting proper documentation of payment of the settlement to Kelly as well as the fees and costs incurred in making a settlement (see, *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853) and, as Spadafina's conclusory affidavits are insufficient to raise a triable issue as to either the bona fides of the settlement or as to the reasonableness of its amount (see, *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324; *Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.*, 32 NY2d 285; *Republic Ins. Co. v Real Dev. Co.*, 161 AD2d 189), summary judgment is granted in favor of International. This case is remitted to the Supreme Court, Nassau County, to determine the costs and fees incurred in the prosecution of this action against Spadafina so that an appropriate judgment may be entered. Thompson, J. P., Rosenblatt, Miller and Pizzuto, JJ., concur.