■ PEERLESS INSURANCE COMPANY, Appellant, v TALIA CONSTRUCTION CO., INC., et al., Respondents. [708 NYS2d 223] —Order unanimously reversed on the law without costs and cross motion granted. Memorandum: Supreme Court erred in denying plaintiff's cross motion for summary judgment. Defendants agreed to indemnify plaintiff for any claims arising from plaintiff's liability for losses with respect to a performance bond issued to defendant Talia Construction Co., Inc. (Talia). The agreement requires defendants to reimburse plaintiff for all disbursements "made by it in good faith * * * under the belief that it is or was liable for the sums and amounts so disbursed, or that it was necessary or expedient to make such disbursements, whether or not such liability, necessity, or expediency existed". The agreement further provides that "vouchers or other evidence of any such payments * * * shall be prima facie evidence of the fact and amount of the liability to [plaintiff]" and that plaintiff's "determination as to whether such claim * * * should be settled or defended shall be binding and conclusive upon" defendants. Talia refused to pay the claim of a turf and landscaping subcontractor and, after investigating the claim and determining that the sum of $14,295 was due and notifying defendants of that determination, plaintiff paid that sum to the subcontractor. Defendants refused to indemnify plaintiff, and plaintiff commenced this action for breach of contract.

Based upon the terms of the parties' agreement on this indemnity claim, plaintiff is entitled to indemnification if it acted in good faith and the amount paid was reasonable (*see, Acstar Ins. Co. v Teton Enters.*, 248 AD2d 654; *International Fid. Ins. Co. v Spadafina*, 192 AD2d 637, 639). Plaintiff met its initial burden, and defendants failed to raise an issue of fact. Defendants submitted no evidence that plaintiff acted in bad faith, i.e., that plaintiff engaged in fraud or collusion (*see, BIB Constr. Co. v Fireman's Ins. Co.*, 214 AD2d 521, 524). "[I]t is irrelevant whether [plaintiff] was actually liable on the underlying debt to [the subcontractor]" (*International Fid. Ins. Co. v Spadafina, supra*, at 639; *see, Continental Cas. Co. v Marman Dev. Corp.*, 23 Misc 2d 618, 619). Further, proof that plaintiff failed to investigate the claim fully would not impugn the good faith of plaintiff in making the payment (*see, Maryland Cas.*

*Co. v Grace*, 292 NY 194, 200; *Continental Cas. Co. v Marman Dev. Corp., supra*, at 619).

With respect to the reasonableness of the amount paid, the conclusory statement of defendant Richard Sperandio, Talia's president, that the subcontractor supplied 126,000 square feet of turf sod instead of 135,000 square feet is insufficient to raise a triable issue of fact (*see, Acstar Ins. Co. v Teton Enters., supra*, at 655; *International Fid. Ins. Co. v Spadafina, supra*, at 639), particularly in light of evidence that Talia directed the owner of the project to release the amount of the subcontractor's claim. Thus, we reverse the order and grant plaintiff's cross motion for summary judgment. Plaintiff did not challenge in its brief that part of the order granting defendants' motion for a change of venue. In any event, in view of our determination, there is no need to reach that portion of the order. (Appeal from Order of Supreme Court, Onondaga County, Murphy, J.— Summary Judgment.) Present—Green, J. P., Wisner, Hurlbutt and Balio, JJ.