■ HARTFORD FIRE INSURANCE COMPANY, Appellant, v CHEEVER DEVELOPMENT CORP. et al., Respondents. [734 NYS2d 598] —In an action, *inter alia*, to recover damages for breach of an indemnity agreement, the plaintiff appeals from an order of the Supreme Court, Kings County (Held, J.), dated August 16, 2000, which denied its motion for summary judgment.

Ordered that the order is reversed, on the law, with costs, the plaintiff's motion for summary judgment is granted, and the matter is remitted to the Supreme Court, Kings County, for a hearing on the issue of the attorney's fee and costs due the plaintiff on its second cause of action and the entry of an appropriate judgment on all three causes of action.

The plaintiff issued a performance bond and labor and material payment bond with the defendant Cheever Development Corp. (hereinafter Cheever) as principal, the plaintiff as surety, and the New York City School Construction Authority as obligee. The bonds were each in the penal sum of $19,247,000 in connection with a project known as the modernization of Paul Robeson High School in Brooklyn. In consideration for the plaintiff issuing these bonds, the defendants, including Cheever, executed an indemnity agreement, which provided: "On demand by the [plaintiff], the indemnitors will pay the [plaintiff] the amount deemed necessary by the [plaintiff] to protect itself from all losses or expenses as soon as the [plaintiff] determines that liability exists, whether or not the [plaintiff] has made any payment." The indemnity agreement made the defendants liable to the plaintiff for payments it made in the belief that it "was or might be liable," or that the payments "were necessary or advisable to protect the [plaintiff's] rights or to avoid or lessen the [plaintiff's] liability." Finally, the indemnity agreement required the defendants to hold the plaintiff harmless from liability and loss, damages, and expenses, including attorney's fees that the plaintiff sustained: "(1) because of having furnished any Bond, or (2) because of the failure of an Indemnitor to discharge any obligations under this Agreement, or (3) in enforcing any of the provisions of this Agreement."

A subcontractor submitted a claim for $15,570.50 under one of the bonds on which the plaintiff acted as surety. After the

plaintiff investigated and afforded Cheever months in which to raise a substantive dispute to the claim, the plaintiff paid the subcontractor, and invoked the indemnity agreement. When the defendants failed to reimburse the plaintiff, it commenced this action.

In the first cause of action the plaintiff seeks recovery of the $15,570.50 it paid on the claim. In the second cause of action, it seeks costs and an award of an attorney's fee. In an amended complaint, the plaintiff added a third cause of action to recover an additional premium of $40,583 as a result of a contract overrun adjustment based on an increase in the project cost.

The plaintiff moved for summary judgment on its three causes of action. The Supreme Court denied the motion without explanation. We reverse and note our disapproval of the Supreme Court's determination of this motion without stating its reasoning (*see, Nadle v L.O. Realty Corp.,* 286 AD2d 130; *Morales v Living Space Design,* 278 AD2d 48, 49).

The plaintiff sustained its burden in the first instance of establishing its right to summary judgment on each of its three causes of action (*see, Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853). The defendants failed to raise a triable issue of fact (*see, Zuckerman v City of New York,* 49 NY2d 557, 563). As to the first cause of action for reimbursement on the subcontractor's bond claim, the conclusory affidavits in opposition to the motion failed to raise an issue as to the reasonableness or good faith of the plaintiff's payment (*see, Acstar Ins. Co. v Teton Enters.,* 248 AD2d 654). In connection with the third cause of action for an additional premium, Cheever never disclaimed responsibility for payment of the additional premium or objected to its amount (*cf., Rosenberg Selsman Rosenzweig & Co. v Slutsker,* 278 AD2d 145). The belated, unsupported assertion of Cheever's president in his affidavit in opposition to the motion for summary judgment that all premiums had been paid is conclusory and insufficient to defeat that motion (*see, Wit's End Giftique v Ianniello,* 277 AD2d 684, 686).

As the plaintiff is entitled to summary judgment on its first and third causes of action, it is also entitled, under the unambiguous language of the indemnity agreement, to an award of an attorney's fee and costs under its second cause of action (*see, Hooper v AGS Computers,* 74 NY2d 487, 492). Accordingly, the matter is remitted to the Supreme Court, Kings County, for a hearing as to the amount of the attorney's fee and costs to which the plaintiff is entitled (*see, International Fid. Ins. Co. v Spadafina,* 192 AD2d 637, 639). H. Miller, J. P., Townes, Crane and Cozier, JJ., concur.