NORTH AMERICAN SPECIALTY INSURANCE COMPANY, Appellant-Respondent, v MARLENE A. SCHULER, Respondent-Appellant. [737 NYS2d 741] —Appeal and cross appeal from an order of Supreme Court, Erie County (NeMoyer, J.), entered October 30, 2000, which, inter alia, granted in part plaintiff's motion for summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting plaintiff's motion in its entirety and as modified the order is affirmed without costs and the matter is remitted to Supreme Court for further proceedings in accordance with the following memorandum: Defendant and others agreed to indemnify plaintiff for all losses and expenses incurred with respect to payment bonds issued by plaintiff as surety and John R. Schuler, Inc. (Schuler) as principal in connection with a water pipeline construction project. Vellano Bros., Inc. (Vellano), a subcontractor of Schuler, made a claim against the bonds in the amount of $84,954.62. After an investigation and notice thereof to defendant and the other indemnitors, plaintiff settled the Vellano claim for $74,328.87. Upon the failure of defendant to indemnify it, plaintiff commenced this action for breach of contract. Supreme Court properly granted that part of plaintiff's motion seeking summary judgment on liability, but erred in denying that part of the motion seeking damages. Defendant is obligated by the indemnity agreement to reimburse plaintiff for all disbursements "made by it in good faith * * *

under the belief that it is or was liable" for the amount paid. The agreement further provides that "the vouchers or other evidence of any such payments made by [plaintiff] shall be prima facie evidence of the fact and amount of [defendant's] liability to [plaintiff]." Thus, plaintiff "is entitled to indemnification if it acted in good faith and the amount paid was reasonable" (*Peerless Ins. Co. v Talia Constr. Co.*, 272 AD2d 919, 919; *see, International Fid. Ins. Co. v Spadafina*, 192 AD2d 637, 639). Here, plaintiff met its initial burden by establishing that the payment was made in good faith and was reasonable in amount, and defendant failed to raise an issue of fact (*see, Peerless Ins. Co. v Talia Constr. Co., supra* at 919-920).

We reject the contention of defendant that plaintiff breached the indemnity agreement by failing to notify her before settling the Vellano claim. "[A]bsent a specific provision in the indemnity agreement, an indemnitee is not required to give notice of claims on the underlying surety bond to the indemnitor * * *. The indemnification agreement herein not only contained no such provision for notice, but in fact contained a waiver of such notice requirement to the indemnitor" (*Republic Ins. Co. v Real Dev. Co.*, 161 AD2d 189, 189-190).

Contrary to defendant's further contention, the court properly dismissed the affirmative defenses that the indemnity agreement is unenforceable for lack of consideration (*see generally, Weiner v McGraw-Hill, Inc.*, 57 NY2d 458, 464-465) and that it is an invalid contract of adhesion (*see, Morris v Snappy Car Rental*, 84 NY2d 21, 30; *Matter of Ball [SFX Broadcasting]*, 236 AD2d 158, 161, *appeal dismissed* 91 NY2d 921, *lv denied* 92 NY2d 803).

Finally, the court properly refused to deny or continue the motion pursuant to CPLR 3212 (f) to permit discovery. Defendant failed to "demonstrate how * * * discovery might reveal the existence of material facts" that would affect the outcome of the motion (*Welsh v County of Albany*, 235 AD2d 820, 822). We therefore modify the order by granting plaintiff's motion in its entirety, and we remit the matter to Supreme Court to determine the amount of attorneys' fees and costs and disbursements to which plaintiff is entitled. Present—Pine, J.P., Wisner, Hurlbutt, Kehoe and Burns, JJ.