■ DRAMAR CONSTRUCTION, INC., Plaintiff, v G AND A RENOVATION AND RESTORATION, INC., Respondent, and NOVA CASUALTY COMPANY, Defendant and Third-Party Plaintiff-Appellant, et al., Defendants. GEORGE KARIDIS et al., Third-Party Defendants-Respondents. [756 NYS2d 71] —In an action, inter alia, to recover damages for breach of contract, the defendant third-party plaintiff Nova Casualty Company appeals, as limited by its brief, from so much of an order of the Supreme Court, Rockland County (Sherwood, J.), dated December 19, 2001, as denied its motion for summary judgment on its cross claims against the defendant G and A Renovation and Restoration, Inc., and on its third-party complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion is granted.

The defendant G and A Renovation and Restoration, Inc. (hereinafter G & A), and the third-party defendants, George Karidis and Mary Karidis, issued to the surety, the defendant third-party plaintiff, Nova Casualty Company (hereinafter

Nova), a general indemnity agreement to induce Nova to issue a performance bond for the benefit of G & A. The indemnity agreement required G & A, George Karidis, and Mary Karidis to "indemnify and save [Nova] harmless from and against every claim * * * cost [and] counsel fee, payable on demand of [Nova], whether actually incurred or not * * * and any and all liability therefore [sic] sustained or incurred by [Nova] by reason of having executed or procured the execution of said bonds or obligations, and will place [Nova] in funds to meet the same before it shall be required to make payment." Furthermore, the indemnity agreement provided that Nova "shall have the right to pay, settle or compromise any expense, claim or charge enumerated in this agreement, and the voucher or other evidence of such payment shall be prima facie evidence of the propriety thereof and of the Indemnitor's liability therefore [sic] to [Nova]."

The plaintiff, Dramar Construction, Inc. (hereinafter Dramar), commenced this action against both G & A and Nova. Nova filed cross claims against G & A, and commenced a third-party action against George Karidis and Mary Karidis, contending, inter alia, that they were required to indemnify it for all attorneys' fees and costs incurred in defending Dramar's action. In addition, Nova alleged that it had paid the defendant Long Island Tinsmith Supply Corp. (hereinafter LITSCO), the amount of $8,631.38, allegedly representing money owed to LITSCO by G & A. Nova requested reimbursement for the amount it paid to LITSCO, as well as for applicable attorneys' fees and costs. Nova subsequently moved for summary judgment on its claims against G & A, George Karidis, and Mary Karidis. The Supreme Court denied the motion. We reverse.

Nova made a prima facie showing of entitlement to summary judgment by submitting copies of a check made payable to LITSCO in the amount of $8,631.38, as well as invoices from LITSCO totaling that amount (see International Fid. Ins. Co. v Spadafina, 192 AD2d 637, 639 [1993]). In opposition, G & A, George Karidis, and Mary Karidis failed to raise a triable issue of fact as to either the bona fides of the payment or the reasonableness of its amount (see International Fid. Ins. Co. v Spadafina, supra; Ebasco Constructors v A.M.S. Constr. Co., 195 AD2d 439, 440 [1993]; Republic Ins. Co. v Real Dev. Co., 161 AD2d 189, 190 [1990]). Moreover, pursuant to the clear language of the indemnity agreement, Nova is entitled to indemnification for attorneys' fees and costs incurred in defending Dramar's action. Therefore, the Supreme Court erred in denying Nova's motion for summary judgment. Smith, J.P., Goldstein, Crane and Rivera, JJ., concur.