■ FRONTIER INSURANCE COMPANY, Respondent, v RENEWAL ARTS CONTRACTING CORPORATION et al., Appellants. [784 NYS2d 698]—

Rose, J. Appeals (1) from an order of the Supreme Court (Ledina, J.), entered August 28, 2003 in Sullivan County, which granted plaintiff's motion for partial summary judgment, and (2) from the judgment entered thereon.

Defendants agreed to indemnify plaintiff for all claims paid pursuant to certain payment and performance bonds issued by

plaintiff as surety and defendants as principals for construction work to be performed by defendants for the obligee, Consolidated Edison of New York (hereinafter Con Ed). When defendants walked off the job before completion of the underlying construction contract, Con Ed made claims against the bonds for the cost to complete the work. Although defendants alleged that Con Ed had failed to make progress payments, they brought no action against Con Ed for breach of contract. Plaintiff paid out a total of $525,526.51 on the claims of Con Ed and certain subcontractors and suppliers of defendants. When defendants failed to reimburse plaintiff for these payments, plaintiff commenced this action alleging that defendants breached their obligations under the indemnity agreement. Finding no triable issue of fact, Supreme Court granted plaintiff's motion for partial summary judgment, prompting this appeal.

Defendants are obligated by the express terms of the parties' indemnity agreement to reimburse plaintiff for all claims and expenses paid or incurred "in consequence of having executed . . . [surety] bonds" on behalf of defendants. The agreement also provides that plaintiff "shall have the exclusive right to determine for itself and [defendants] whether any claim . . . shall be settled or defended and its decision shall be binding and conclusive upon [defendants]." Defendants further agreed "to accept the voucher or other evidence of such payment as prima facie evidence of the propriety thereof, and of [defendants'] liability therefor to [plaintiff]." New York courts have held that such provisions mean that the surety is entitled to indemnification upon proof of payment, unless payment was made in bad faith or was unreasonable in amount, and this rule applies regardless of whether the principal was actually in default or liable under its contract with the obligee (*see North Am. Specialty Ins. Co. v Schuler*, 291 AD2d 924, 925 [2002]; *Peerless Ins. Co. v Talia Constr. Co.*, 272 AD2d 919, 919 [2000]; *Acstar Ins. Co. v Teton Enters.*, 248 AD2d 654, 654 [1998]; *BIB Constr. Co. v Fireman's Ins. Co. of Newark, N.J.*, 214 AD2d 521, 523-524 [1995]; *International Fid. Ins. Co. v Spadafina*, 192 AD2d 637, 639 [1993]; *National Sur. Co. v Fulton*, 192 App Div 645, 647 [1920]; *see also Maryland Cas. Co. v Grace*, 292 NY 194, 200 [1944]).

Plaintiff met its initial burden on the motion by establishing that the underlying claims for defendants' admitted failure to complete the work were paid pursuant to the surety bonds, thus invoking the presumption of propriety contained in the indemnification agreement. In response, defendants claim that they are not liable under their contract with Con Ed because

their default in performance was caused by Con Ed's failure to make payments. They argue that the factual issue of whether Con Ed was in default under the construction contract precludes summary judgment because the absence of Con Ed's default was a condition precedent to plaintiff's obligations under the performance bond. While we are aware that one federal court found such an issue to preclude summary judgment based on the rule that a surety who pays a claim that it is not obligated to pay is a volunteer and may not recover from the principal (*see General Ins. Co. of Am. v K. Capolino Constr. Corp.*, 903 F Supp 623, 626 [SD NY 1995]), it is our view that this rule was misapplied in *Capolino* and is inapplicable here because it is pertinent only in the absence of an indemnification agreement controlling the principal's obligation to the surety (*see BIB Constr. Co. v Fireman's Ins. Co. of Newark, N.J., supra* at 523-524; *United States Fid. & Guar. Co. v Feibus*, 15 F Supp 2d 579, 583-584 [1998], *affd* 185 F3d 864 [1999]; *see also National Union Fire Ins. Co. v Ranger Ins. Co.*, 190 AD2d 395, 397 [1993] [one of two *subrogation* cases cited as authority for the rule in *Capolino*]).

Just as with an actual default by defendants, which the performance bond also lists as a condition of plaintiff's liability, Con Ed's default is irrelevant to liability under the indemnity agreement (*see International Fid. Ins. Co. v Spadafina, supra* at 639). Under that agreement, plaintiff had the exclusive and binding authority to assess the merits of any claim brought under its bonds. As a result, any factual issue as to liability under the bonds would be immaterial unless defendants also showed that plaintiff decided to accept liability and pay the obligee's claims in bad faith. Here, defendants' conclusory allegations of possible collusion between plaintiff and Con Ed and the excessiveness of the amounts paid on Con Ed's claims are insufficient to meet defendants' burden to raise a question of material fact as to bad faith (*see Peerless Ins. Co. v Talia Constr. Co., supra*, at 919-920; *Acstar Ins. Co. v Teton Enters., supra* at 655; *Republic Ins. Co. v Real Dev. Co.*, 161 AD2d 189, 190 [1990]). Since the record is devoid of any evidence that plaintiff colluded with Con Ed in paying claims which it knew had no merit, Supreme Court did not err in granting plaintiff's motion for partial summary judgment.

Cardona, P.J., Peters, Mugglin and Kane, JJ., concur. Ordered that the order and judgment are affirmed, with costs.