■ UTICA MUTUAL INSURANCE COMPANY, Respondent, v MAGWOOD ENTERPRISES, INC., et al., Appellants. [790 NYS2d 179]—

In an action, inter alia, to recover damages for breach of an indemnification agreement, the defendants appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Westchester County (Nastasi, J.), entered May 23, 2003, as granted the plaintiff's motion for summary judgment, and (2) a judgment of the same court entered July 3, 2003, which is in favor of the plaintiff and against the defendants, jointly and severally, in the principal sum of $143,386.12, and in the additional sum of $21,350 as an attorney's fee.

Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is modified, on the law and the facts, by deleting the provision thereof awarding the plaintiff

the principal sum of $143,386.12 and substituting therefor a provision awarding the plaintiff the principal sum of $127,377.68; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for the entry of an appropriate amended judgment in accordance herewith.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on appeal from the judgment (*see* CPLR 5501 [a] [1]).

The Supreme Court properly granted the plaintiff's motion for summary judgment. The plaintiff demonstrated entitlement to judgment as a matter of law by submitting several bond contracts and the indemnification agreement with the defendants, which established that the plaintiff had a duty to complete several construction projects, and that the defendants had a duty to reimburse the plaintiff for its expenditures in completing those projects. The plaintiff also submitted correspondence which demonstrated that the defendants failed to so indemnify the plaintiff. The plaintiff further submitted the affidavit of a construction consultant who stated, based on a review of the evidence, that the claims made against the plaintiff were valid and reasonable, and that the plaintiff settled those claims in good faith (*see Acstar Ins. Co. v Teton Enters.,* 248 AD2d 654 [1998]; *International Fid. Ins. Co. v Spadafina,* 192 AD2d 637, 639 [1993]). The conclusory affidavit submitted by the defendants' attorney in opposition was insufficient to raise a triable issue of fact (*see Hartford Fire Ins. Co. v Cheever Dev. Corp.,* 289 AD2d 292, 293 [2001]; *see generally Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]).

The Supreme Court providently exercised its discretion in determining the amount of the attorney's fee. The determination of a reasonable attorney's fee is generally left to the discretion of the Supreme Court, which is usually in the best position to determine the factors integral to determining reasonable fees (*see Clifford v Pierce,* 214 AD2d 697, 698 [1995]). "In determining the appropriate value of an attorney's services in arriving at a reasonable fee, the court should consider, inter alia, the difficulty of the question involved, the skill required to handle the problem, and the amount of time expended on the case" (*M. Sobol, Inc. v Wykagyl Pharmacy,* 282 AD2d 438, 439 [2001]). The records of the plaintiff's attorneys indicate that the firm billed 206.5 hours for their work on this case, at rates ranging

from $50 to $192 per hour. The records further indicate that the time spent on the case included legal research, the drafting of the various pleadings, the drafting of affidavits to be signed by representatives of the plaintiff and by witnesses, communications with the plaintiff, and the analysis of the documents involved in the case. The defendants again submitted only conclusory assertions in opposition.

The Supreme Court did, however, err in computing the principal sum of the award. The Supreme Court awarded the plaintiff the principal sum of $143,386.12, which included $5,000 the plaintiff paid to Quality Taping. However, the plaintiff only claimed and submitted evidence in support of $127,377.68 in damages in its motion for summary judgment, inclusive of the $5,000 paid to Quality Taping, aside from an attorney's fee. Accordingly, $16,008.44 must be subtracted from the principal sum of the award, and the matter is remitted to the Supreme Court, Westchester County, for the entry of an appropriate amended judgment, including the computation of interest (*see* CPLR 5019 [a]; *see also Downes v Aran,* 273 AD2d 435, 435-436 [2000]). Santucci, J.P., Luciano, Rivera and Fisher, JJ., concur.