**TRAVELERS CASUALTY & SURETY COMPANY, in behalf of itself and as Assignee of all rights to collateral and indemnity in the name of Reliance Insurance Company, Plaintiff–Appellee,**

v.

**CROW & SUTTON ASSOCIATES, INC., Pine Valley Landscape Corp., Foxcroft Nurseries, Inc., Ruth H. Sutton, D. James Sutton, Defendants–Appellants.**

**No. 04–5425–CV(L), 05–1770–CV (CON).**

United States Court of Appeals, Second Circuit.

March 23, 2006.

Lawrence E. Becker, Becker & Becker, Albany, NY, for Plaintiff–Appellee.

Mark V. Connolly, Law Offices of Mark V. Connolly, LLC, Avon, CT, for Defendants–Appellants.

PRESENT: Hon. PIERRE N. LEVAL, Hon. BARRINGTON D. PARKER, Circuit Judges, and Hon. WILLIAM K. SESSIONS III, Chief District Judge.*

## SUMMARY ORDER

Defendants–Appellants appeal from a judgment of the United States District Court for the Northern District of New York (Gary L. Sharpe, *Judge*), granting summary judgment to Plaintiff–Appellee Travelers Casualty & Surety Company ("Travelers") on its indemnity claim. We assume familiarity with the underlying facts and procedural history.

We review a district court's grant of summary judgment *de novo*, and a district court's denial of a Rule 60(b) motion for an abuse of discretion. *Okemo Mountain, Inc. v. U.S. Sporting Clays Ass'n*, 376 F.3d 102, 104 (2d Cir.2004).

Defendants' primary claim on appeal is that the district court improperly resolved a disputed issue of fact on summary judgment regarding whether Travelers was defendants' surety by way of acquisition of Reliance Insurance Company ("Reliance"), or was merely a reinsurer of Reliance. Contrary to defendants' assertions, even if

---

* The Honorable William K. Sessions III, Chief United States District Court Judge for the District of Vermont, sitting by designation.

there were a disputed issue of fact over the nature of the Travelers—Reliance relationship, it is immaterial to the case at hand.

■ Whether Travelers acquired Reliance or reinsured Reliance does not change the fact that the operative indemnity contracts here—the Assignment of Indemnity Rights and the original Indemnity Agreements between defendants and Reliance—run to the benefit of Travelers. Specifically, the Assignment of Indemnity Rights contains fairly broad language in favor of Travelers as an "acquirer" of Reliance:

> Seller Insurer Parties [Reliance] agree and acknowledge that the Assignment shall, without limitation, entitle Purchaser [Travelers] and its Affiliates and Designees and Travelers Surety Affiliates, and their respective successors and assigns, to enforce in their own names or in the name of Seller Insurer Parties [Reliance], the Indemnity Agreements and any Indemnity Right.

In addition, Paragraph Seventeenth of the original Indemnity Agreements between defendants and Reliance contains fairly broad language in favor of Travelers as a "reinsurer" of Reliance:

> This Agreement shall, in all its terms and agreements, be for the benefit of and protect any person or company joining with the Surety in executing said Bond or Bonds, . . . as well as any company or companies assuming co-suretyship or reinsurance thereon.

Thus, whether Travelers "acquired" Reliance or "reinsured" Reliance in no way diminishes Travelers' ability to enforce the provisions of original Indemnity Agreements between defendants and Reliance.

Because it ultimately does not matter whether Travelers was an "acquirer" or "reinsurer" of Reliance, we turn to the underlying merits of this case. The Indemnity Agreements under which Travelers sued defendants afforded the Surety (Travelers) considerable rights and discretion to adjust, settle, or compromise any bond claims, and then recover from the policyholders any such payments made "unless the [policyholder] request[ed] in writing the Surety to litigate such claim or demand . . ., and . . . deposit[ed] with the Surety, at the time of such request, cash or collateral . . . to be used in paying any judgment. . . ." Under New York law, indemnity agreements such as these entitle Travelers to "indemnification upon proof of payment, unless payment was made in bad faith or was unreasonable in amount." *Frontier Ins. Co. v. Renewal Arts Contracting Corp.*, 12 A.D.3d 891, 784 N.Y.S.2d 698, 700 (N.Y.App.Div.2004). This rule applies "regardless of whether the principal was actually in default or liable under its contract with the obligee." *Id.* Because Travelers operated under these Indemnity Agreements, the rule "that a surety who pays a claim that it is not obligated to pay is a volunteer and may not recover from the principal" does not apply to this case. *Id.* (distinguishing *General Ins. Co. of Am. v. K. Capolino Constr. Corp.*, 903 F.Supp. 623, 626 (S.D.N.Y.1995)).

■ Here, Travelers provided proof of payment of the bond claims, which under the terms of the Indemnity Agreements was *prima facie* evidence of the fact and extent of defendants' liability to Travelers. Defendants failed to raise a genuine issue of material fact as to whether Travelers acted in bad faith in paying the bond claims, or that Travelers' payments were unreasonable in amount. And defendants did not deposit collateral with Travelers to guarantee a judgment resulting from litigation. Therefore the district court appro-

priately granted summary judgment to Travelers.

We have considered defendants' other arguments and find them without merit.

For the reasons stated above, the judgment of the district court is AFFIRMED.