■ Edward M. Lee, Appellant, v T.F. DeMilo Corp. et al., Respondents. [815 NYS2d 700]—

In an action, inter alia, to recover damages for breach of an indemnification agreement, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Peck, J.), entered October 29, 2004, as denied his motion for partial summary judgment in the amount of $477,266.01.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion is granted.

Crow Construction Corp. (hereinafter Crow) entered into a contract with the United States Veterans Administration to perform the general construction of an outpatient-clinic addition at the Veterans Administration Medical Center located at 23rd Street and 1st Avenue in Manhattan (hereinafter the project). Crow subcontracted with T.F. DeMilo Corp. (hereinafter DeMilo) to perform certain concrete floor work. First Indemnity of America Insurance (hereinafter FIA), as surety, issued a performance bond and a labor and material payment bond each in the sum of $2,980,000, with DeMilo as principal and Crow as obligee.

The defendants executed an indemnity agreement in favor of FIA in connection with the bonds. The indemnity agreement provided that the defendants agreed to hold harmless and indemnify FIA from and against "every claim, demand, liability, loss, cost, charge, counsel fee, payable on demand of Surety, whether actually incurred or not . . . by reason of having executed or procured the execution of said bonds."

On September 26, 1994, Crow declared that DeMilo was in default under the subcontract based upon its repeated failure to repair areas of defective flash patching, and Crow demanded that FIA remedy the default. After hiring Triumph Ventures, Inc., and Galsan Associates, Inc., to advise it how to proceed, FIA undertook completion of the project.

After seeking reimbursement from DeMilo's insurance carriers, the plaintiff, as assignee of FIA, commenced this action against the defendants contending, inter alia, that they were required to indemnify him for the losses and expenses incurred by FIA in correcting and completing DeMilo's work. In the order appealed from, the Supreme Court denied the plaintiff's motion for partial summary judgment to recover $477,266.01 constituting the losses incurred and loss adjustment expenses after applying a credit of $70,000 which FIA recovered from an insurance carrier. We reverse.

The plaintiff made a prima facie showing of entitlement to summary judgment by submitting an itemized statement of loss and expense of $477,266.01 incurred by FIA by reason of having executed the bonds, together with copies of various invoices and cancelled checks in support of that amount (*see Utica Mut. Ins. Co. v Magwood Enters., Inc.,* 15 AD3d 471, 472 [2005]; *Dramar Constr. v G & A Renovation & Restoration,* 302 AD2d 487, 488 [2003]; *International Fid. Ins. Co. v Spadafina,* 192 AD2d 637, 639 [1993]). In opposition, the defendants failed to raise a triable issue of fact as to either the bona fides of the payment or the reasonableness of its amount (*see Hartford Fire Ins. Co. v Cheever Dev. Corp.,* 289 AD2d 292, 293 [2001]; *American Home Assur. Co. v Gemma Constr. Co.,* 275 AD2d 616, 619-620 [2000]; *Acstar Ins. Co. v Teton Enters.,* 248 AD2d 654 [1998]; *International Fid. Ins. Co. v Spadafina, supra*).

New York courts have held that pursuant to an indemnity agreement such as that signed by the defendants, "the surety is entitled to indemnification upon proof of payment, unless payment was made in bad faith or was unreasonable in amount, and this rule applies regardless of whether the principal was actually in default or liable under its contract with the obligee" (*Frontier Ins. Co. v Renewal Arts Contr. Corp.,* 12 AD3d 891, 892 [2004]; *see International Fid. Ins. Co. v Spadafina, supra*). Payment is made in good faith if the surety pays the claims "in the honest belief that it was liable for such claims" (*Maryland Cas. Co. v Grace,* 292 NY 194, 200 [1944]). The defendants' assertions that Crow was responsible for the defects does not impugn the good faith of FIA in making payment.

Further, the mere hope that further discovery would yield evidence of a triable issue of fact is not a basis for denying summary judgment (*see Chemical Bank v PIC Motors Corp.,* 58 NY2d 1023, 1026 [1983]; *American Home Assur. Co. v Gemma Constr. Co., supra; Lambert v Bracco,* 18 AD3d 619, 620 [2005]).

The defendants' remaining contentions are without merit. Crane, J.P., Goldstein, Rivera and Dillon, JJ., concur.