**FEDERAL INSURANCE COMPANY,**
Defendant–Counter–Claimant–
Appellee,

HRH Construction, LLC, Plaintiff–
Counter–Claimant–Appellee,

Fidelity & Guaranty Insurance
Company, Defendant–Third–
Party–Plaintiff–Appellee,

v.

Warren McKANE, individually and as
administrator of the estate of Nancy
J. McKane, Anthonina I. Iarrobino,
Anthony Iarrobino and Tres, Inc.,
Third–Party–Defendants–Counter–
Claimants–Appellants.

No. 05–5572–cv.

United States Court of Appeals,
Second Circuit.

March 19, 2008.

Andrew S. Fisher, Fisher & Fisher
(Donald R. Dinan, Richard W. Schwartz-
man, Hall, Estill, Hardwick, Gable, Golden
& Nelson, P.C., on the brief), New York,
New York, for Third–Party–Defendants–
Counter–Claimants–Appellants.

Michael F. Kuzow, Westermann Hamil-
ton Sheehy Aydelott & Keenan, LLP
(Matthew F. Didora, on the brief), Garden
City, New York, for Defendant–Third–Par-
ty–Plaintiff–Appellee.

Present: Hon. SONIA SOTOMAYOR,
Hon. REENA RAGGI, Circuit Judges,
Hon. CAROL BAGLEY AMON,* District
Judge.

* The Honorable Carol Bagley Amon for the United States District Court for the Eastern District of New York, sitting by designation.

### SUMMARY ORDER

■ Third-party-defendants-counter-claimants-appellants Warren McKane, individually and as administrator of the estate of Nancy J. McKane, Anthonina Iarrobino, Anthony Iarrobino, and Tres, Inc. (collectively, "third-party defendants") appeal from the September 19, 2005 second amended judgment of the United States District Court for the Southern District of New York (Castel, J.) denying their motion for reconsideration and granting summary judgment in favor of defendant-third-party-plaintiff Fidelity & Guaranty Insurance Company ("FGIC") on its claim for indemnification. We assume the parties' familiarity with the facts and procedural history of this case.

■ Third-party defendants argue that the district court erred when it found that FGIC properly entered into the settlement agreement ("Settlement Agreement") with HRH Construction, LLC ("HRH").[1] Specifically, they contend that there were genuine issues of material fact regarding whether they were in default, see Fed. R.Civ.P. 56(c), and because FGIC could not enter into the Settlement Agreement absent such default, the validity of the Settlement Agreement was in question. We disagree for substantially the same reasons set forth in the district court's opinion: under the plain language of the General Agreement of Indemnity ("GAI") between third-party defendants and FGIC, an "event of default" included any declaration that Tres was in default, regardless of whether such declaration was proper. HRH's notice of default and subsequent termination of Tres's contract therefore constituted an "event of default" for pur-

poses of the GAI, and the district court did not err in applying the terms contained therein. See Peerless Ins. Co. v. Talia Constr. Co., 272 A.D.2d 919, 919, 708 N.Y.S.2d 223 (4th Dep't 2000) (in indemnity suit by surety, it is "irrelevant" whether surety was "actually liable").

■ Third-party defendants also contend that the district court erred when it denied their motion to amend their third-party answer and to assert a counterclaim against FGIC alleging that FGIC entered into the Settlement Agreement in bad faith. The GAI, however, authorized FGIC to "settle any . . . right or claim . . . it considers reasonable under the circumstances in its sole and absolute discretion, subject only to the requirement that it act in good faith." The GAI defined "good faith" as "absence of deliberate or willful malfeasance." Despite third-party defendants' protestations to the contrary, expert opinion that HRH was the party in default is not sufficient to establish that FGIC acted with deliberate or willful malfeasance when it exercised its contractually-mandated discretion to enter into the Settlement Agreement with HRH in order to avoid what it believed would be a costly litigation with the risk of an adverse judgment. Moreover, third-party defendants represented to the district court that they sought no additional discovery bearing on the issue of bad faith. Thus, we find no error in the district court's denial of third-party defendants' motion. See Lee v. T.F. DeMilo Corp., 29 A.D.3d 867, 868, 815 N.Y.S.2d 700 (2d Dep't 2006) (holding that surety operates in good faith when it acts "in the honest belief that it was liable") (citation omitted).

1. On appeal, the third-party defendants do not seek to reverse the dismissal of their claims against Plaintiff-counter-defendant ap-

pellec HRH and Defendant-counter-claimant-appellee Federal Insurance Company.

Finally, to the extent third-party defendants argue that the district court erred in finding that the value of the settlement was reasonable, we reject this claim. In support of the reasonableness of the amount paid, FGIC submitted to the district court, *inter alia,* evidence of the cost to execute its duties as surety, evidence of its investigation of HRH's claims, and sworn proof that it factored into the amount of its settlement the possibility of defenses to HRH's claim. Because the GAI expressly states that vouchers and other evidence "shall be *prima facie* evidence of the fact and amount of the liability," we see no error in the district court's conclusion that third-party defendants failed to raise a genuine dispute over FGIC's good faith on account of the amount paid to HRH in the Settlement Agreement.

For the foregoing reasons, the district court's judgment is AFFIRMED.