■ WESTERN BEEF MARINERS HARBOR, LLC, Appellant-Respondent, v VORNADO FOREST PLAZA, LLC, Defendant, and GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., Respondent-Appellant. [877 NYS2d 379]—

In an action for a judgment declaring, inter alia, that the plaintiff's proposed sublease of a portion of certain commercial premises does not constitute a violation of a lease and sublease, the plaintiff appeals (1), as limited by its brief, from so much of an order of the Supreme Court, Richmond County (Minardo, J.), dated December 21, 2007, as granted those branches of the cross motion of the defendant Great Atlantic & Pacific Tea Company, Inc., which were for summary judgment declaring that it is obligated to indemnify that defendant in this action and a related action entitled *Vornado Forest Plaza, LLC v Great Atlantic & Pacific Tea Company, Inc.*, commenced in the Supreme Court, New York County, under index No. 119025/06, and is obligated to pay the defendant Great Atlantic & Pacific Tea Company, Inc., attorney's fees and expenses incurred in this action and the related action, and (2) from an order of the same court entered April 25, 2008, and the defendant Great Atlantic & Pacific Tea Company, Inc., cross-appeals from so much of the order entered April 25, 2008, as granted its cross motion for an award of attorney's fees and expenses in the sum of $66,898.37 only to the extent of awarding it the sum of $40,000 "inclusive of all interest, costs [and] disbursements."

Ordered that the appeal by the plaintiff from the order entered April 25, 2008 is dismissed as abandoned (*see* 22 NYCRR 670.8 [e]); and it is further,

Ordered that the order dated December 31, 2007 is affirmed insofar as appealed from; and it is further,

Ordered that the order entered April 25, 2008 is reversed insofar as cross-appealed from, on the law and in the exercise of discretion, and the cross motion of the defendant Great Atlantic & Pacific Tea Company, Inc., for an award of attorney's fees and expenses in the sum of $66,898.37 is granted in its entirety; and it is further,

Ordered that one bill of costs is awarded to the defendant Great Atlantic & Pacific Tea Company, Inc.

The defendant Great Atlantic & Pacific Tea Company, Inc. (hereinafter A & P) established its prima facie entitlement to judgment as a matter of law. A & P demonstrated that the plain language of an indemnity provision in a sublease assigned to the plaintiff required the plaintiff to indemnify A & P in this action and in a related action, and also required the plaintiff to pay A & P attorney's fees and expenses incurred in this action and the related action (*cf. Hooper Assoc. v AGS Computers*, 74 NY2d 487, 491-492 [1989]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Accordingly, the Supreme Court properly granted those branches of A & P's cross motion which were for summary judgment declaring that the plaintiff is obligated to indemnify A & P in this action and the related action, and is obligated to pay A & P attorney's fees and expenses incurred in this action and the related action.

Under the circumstances, we conclude that A & P was also entitled to an award of reasonable attorney's fees and expenses in the sum of $66,898.37 (*cf. Utica Mut. Ins. Co. v Magwood Enters., Inc.*, 15 AD3d 471, 472-473 [2005]). Fisher, J.P., Covello, Angiolillo and Dickerson, JJ., concur.