■ INTERNATIONAL FIDELITY INSURANCE COMPANY, Respondent, v KULKA CONSTRUCTION CORP. et al., Appellants. [954 NYS2d 638]—

In an action, inter alia, to recover damages for breach of an indemnification agreement, the defendants appeal from (1) so much of an order of the Supreme Court, Suffolk County (Pines, J.), dated April 6, 2011, as granted that branch of the plaintiff's motion which was for summary judgment on the first cause of action, to recover damages for breach of the indemnification agreement, and (2) a judgment of the same court entered April 28, 2011, which, upon the order, is in favor of the plaintiff and against them in the sum of $315,260.58.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

Contrary to the defendants' contention, the plaintiff surety's submission of documentation demonstrating its payment of a settlement on behalf of the defendants, as well as an itemized list of expenses paid in connection therewith and the affidavit of personal knowledge of the plaintiff's Senior Managing Claims Counsel, was sufficient admissible evidence to demonstrate the plaintiff's prima facie entitlement to judgment as a matter of law on the first cause of action under the terms of the parties' indemnification agreement (see John Deere Ins. Co. v GBE/Alasia Corp., 57 AD3d 620, 621 [2008]; Prestige Decorating & Wallcovering, Inc. v United States Fire Ins. Co., 49 AD3d 406 [2008]; Frontier Ins. Co. v Renewal Arts Contr. Corp., 12 AD3d 891, 892 [2004]; American Home Assur. Co. v Gemma Constr. Co., 275 AD2d 616, 620 [2000]; International Fid. Ins. Co. v Spadafina, 192 AD2d 637, 639 [1993]). In opposition, the speculative and conclusory assertions by the defendants' attorney were insufficient to raise a triable issue of fact as to the good faith or reasonableness of the payments.

The defendants' remaining contentions are without merit.

Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the first cause of action, which alleged a breach of the indemnification agreement (see Lee v T.F. DeMilo Corp., 29 AD3d 867, 868 [2006]; Dramar Constr. v G & A Renovation & Restoration, 302 AD2d 487, 488 [2003]; Peerless Ins. Co. v Talia Constr. Co., 272 AD2d 919 [2000]; International Fid. Ins. Co. v Spadafina, 192 AD2d at 639). Mastro, J.P., Lott, Austin and Cohen, JJ., concur.