# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**209**

**CA 16-00194**

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND SCUDDER, JJ.

---

DIPIZIO CONSTRUCTION COMPANY, INC.,
PLAINTIFF-APPELLANT,
AND TRAVELERS CASUALTY AND SURETY COMPANY OF
AMERICA, PLAINTIFF-RESPONDENT,

V                                              MEMORANDUM AND ORDER

ERIE CANAL HARBOR DEVELOPMENT CORPORATION,
DEFENDANT-RESPONDENT.
(ACTION NO. 1.)

-----------------------------------------------

DIPIZIO CONSTRUCTION COMPANY, INC.,
PLAINTIFF-APPELLANT,
AND TRAVELERS CASUALTY AND SURETY COMPANY OF
AMERICA, PLAINTIFF-RESPONDENT,

V

ERIE CANAL HARBOR DEVELOPMENT CORPORATION,
DEFENDANT-RESPONDENT.
(ACTION NO. 2.)

-----------------------------------------------

DIPIZIO CONSTRUCTION COMPANY, INC.,
PLAINTIFF-APPELLANT,

V

NEW YORK STATE URBAN DEVELOPMENT CORPORATION,
DOING BUSINESS AS EMPIRE STATE DEVELOPMENT, ERIE
CANAL HARBOR DEVELOPMENT CORPORATION, SAM HOYT,
THOMAS DEE AND MARK E. SMITH,
DEFENDANTS-RESPONDENTS.
(ACTION NO. 3.)

---

LAW OFFICES OF DANIEL W. ISAACS, PLLC, NEW YORK CITY (DANIEL W. ISAACS
OF COUNSEL), FOR PLAINTIFF-APPELLANT.

TORRES, LENTZ, GAMELL, GARY & RITTMASTER, LLP, JERICHO (BENJAMIN D.
LENTZ OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

MANCABELLI LAW PLLC, ORCHARD PARK (PATRICIA A. MANCABELLI OF COUNSEL),
FOR DEFENDANTS-RESPONDENTS.

---

Appeal from a judgment and order (denominated order) of the

Supreme Court, Erie County (Timothy J. Walker, A.J.), entered April 24, 2015.  The judgment and order, among other things, determined that plaintiff Travelers Casualty and Surety Company of America is the real party in interest.

It is hereby ORDERED that the judgment and order so appealed from is unanimously affirmed without costs.

Memorandum:  We affirm for reasons stated in the decision at Supreme Court.  We add only that, to the extent our decision in *Peerless Ins. Co. v Talia Constr. Co.* (272 AD2d 919) may be construed to provide that acts constituting bad faith on the part of a surety are restricted to fraud and collusion, it should instead be read to provide that fraud and collusion are merely examples of such acts (*see generally Maryland Cas. Co. v Grace*, 292 NY 194, 200).

Entered:  March 24, 2017                          Frances E. Cafarell
                                                  Clerk of the Court