Colonial Sur. Co. v Eastland Constr., Inc. (2018 NY Slip Op 02399)





Colonial Sur. Co. v Eastland Constr., Inc.


2018 NY Slip Op 02399


Decided on April 5, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 5, 2018

Acosta, P.J., Tom, Oing, Moulton, JJ.


603656/08 6230 6229

[*1]Colonial Surety Company, Plaintiff-Respondent,
v
Eastland Construction, Inc., et al., Defendants-Appellants.


Cox Padmore Skolnik & Shakarchy LLP, New York (Sanford J. Hausler of counsel), for appellants.
McElroy, Deutsch, Mulvaney & Carpenter, LLP, New York (Kevin S. Brotspies of counsel), for respondent.



Judgment, Supreme Court, New York County (Saliann Scarpulla, J.), entered December 6, 2016, in plaintiff's favor, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered August 11, 2016, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Plaintiff made a prima facie showing of its entitlement to indemnification for payments made in connection with the construction bonds it issued by submitting, in addition to the indemnification agreement and the bonds, an affidavit by its president and an itemized statement of loss and expense, as well as related invoices and checks (see Prestige Decorating & Wallcovering, Inc. v United States Fire Ins. Co., 49 AD3d 406, 406-407 [1st Dept 2008]; see also Utica Mut. Ins. Co. v Cardet Constr. Co., Inc., 114 AD3d 847, 849 [2d Dept 2014]; International Fid. Ins. Co. v Kulka Constr. Corp., 100 AD3d 967, 968 [2d Dept 2012]). The fact that plaintiff's president did not explicitly say that plaintiff "honestly believed" it was liable for the claims on which it made payment does not render plaintiff's showing insufficient (see generally Safeco Ins. Co. of Am. v M.E.S., Inc., 2017 WL 1194730, 2017 US Dist LEXIS 47924 [ED NY, March 30, 2017]).
In opposition, defendants failed to raise a material question of fact as to whether plaintiff made any payments of bond claims in bad faith, since their affidavits do not allege fraud or collusion by plaintiff in connection with its acceptance of liabilities or payment of claims (see BIB Constr. Co. v Fireman's Ins. Co. of Newark, N.J., 214 AD2d 521, 523-524 [1st Dept 1995]; Frontier Ins. Co. v Renewal Arts Contr. Corp., 12 AD3d 891, 893 [3d Dept 2004]; Peerless Ins. Co. v Talia Constr. Co., 272 AD2d 919 [4th Dept 2000]).
Plaintiff's entitlement to the award of attorneys' and consulting fees is demonstrated by [*2]the record evidence, including the testimony taken at an inquest on the reasonableness of the fees paid to Beacon Consulting.
We have reviewed defendants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 5, 2018
CLERK