■ DEBRA CAROL PACIELLO, Respondent, v LOUIS ANTHONY GRAFFEO et al., Appellants. [819 NYS2d 480]—

In an action, inter alia, to set aside a deed on the ground of forgery, the defendants appeal from an order and judgment (one paper) of the Supreme Court, Kings County (Saitta, J.), dated

March 31, 2005, which, upon a jury verdict in favor of the plaintiff, and upon the denial of their motion pursuant to CPLR 4404 to set aside the verdict and for judgment as a matter of law, is in favor of the plaintiff and against them, setting aside and canceling a deed dated August 1, 1978, and declaring that the plaintiff has absolute and unencumbered title to the property.

Ordered that the order and judgment is reversed, on the law and the facts, with costs, that branch of the defendants' motion which was pursuant to CPLR 4404 to set aside the verdict and for judgment as a matter of law is granted, and the complaint is dismissed.

The plaintiff alleged that her signature on a deed dated August 1, 1978, and recorded in the Office of the Register, Kings County, on August 4, 1978, conveying certain real property from her, as sole owner, to her and her brother, the defendant Louis Anthony Graffeo, as joint owners, was forged and, inter alia, sought to set the deed aside. The plaintiff claimed that her acknowledged signature on the deed, which included a clause restricting the ability of the plaintiff and her brother to sell, encumber, or convey the property during their mother's lifetime, was forged by her mother, who died during the pendency of this action. A certificate of acknowledgment of the defendant Carl E. Tavolacci, the attorney who drafted the deed and notarized the plaintiff's signature, is affixed to the deed.

"A certificate of acknowledgment attached to an instrument such as a deed raises a presumption of due execution, which presumption, in a case such as this, can be rebutted only after being weighed against any evidence adduced to show that the subject instrument was not duly executed" (*Son Fong Lum v Antonelli,* 102 AD2d 258, 260-261 [1984], *affd* 64 NY2d 1158 [1985]; *see Republic Pension Servs. v Cononico,* 278 AD2d 470 [2000]; *Albin v First Nationwide Network Mtge. Co.,* 248 AD2d 417 [1998]). "[A] certificate of acknowledgment should not be overthrown upon evidence of a doubtful character, such as the unsupported testimony of interested witnesses, nor upon a bare preponderance of evidence, but only on proof so clear and convincing as to amount to a moral certainty" (*Albany County Sav. Bank v McCarty,* 149 NY 71, 80 [1896]; *see Osborne v Zornberg,* 16 AD3d 643, 644 [2005]; *Winfield Capital Corp. v Green Point Sav. Bank,* 261 AD2d 539 [1999]). The plaintiff failed to come forward with proof of the nature required to rebut the presumption of due execution arising from the certificate of acknowledgment (*see Son Fong Lum v Antonelli, supra; see also Albany County Sav. Bank v McCarty, supra; Rivera v*

*Hernandez,* 277 AD2d 301 [2000]). Accordingly, that branch of the defendants' motion which was pursuant to CPLR 4404 (a) to set aside the verdict and for judgment as a matter of law should have been granted, and the complaint should have been dismissed.

The defendants' remaining contentions are without merit. Luciano, J.P., Rivera, Lifson and Covello, JJ., concur.