PRESTIGE DECORATING AND WALLCOVERING, INC., Plaintiff, v UNITED STATES FIRE INSURANCE COMPANY, Defendant and Third-Party Plaintiff-Respondent. KENT M. SWIG, Third-Party Defendant-Appellant, et al., Third-Party Defendants. (And Three Related Actions and Third-Party Actions.) [858 NYS2d 1]—

It is undisputed that Swig's liability under the indemnity agreement extends to payments made to subcontractors working on the Beekman Project, as well as payments made to those subcontractors (Prestige Decorating and Wallcovering, Pace Plumbing Corp., P & H Supply Co. and A.D. Winston Corp.) who were the primary plaintiffs. These additional claims were thus properly included within the ambit of USFIC's rights against Swig (*see George Cohen Agency v Donald S. Perlman Agency*, 51 NY2d 358, 364-365 [1980]).

New York courts have held that pursuant to an indemnity agreement such as that signed by the third-party defendants herein, "the surety is entitled to indemnification upon proof of payment, unless payment was made in bad faith or was unreasonable in amount, and this rule applies regardless of whether the principal was actually in default or liable under its contract with the obligee" (*Frontier Ins. Co. v Renewal Arts Contr. Corp.*, 12 AD3d 891, 892 [2004]). USFIC made a prima facie showing of entitlement to summary judgment by submitting Rochotte's affidavit, which, pursuant to paragraph 10 of the indemnity agreement, provided an itemized statement of loss and expense

of $514,418.64 incurred by USFIC by reason of having executed the bonds (*see American Home Assur. Co. v Gemma Constr. Co.,* 275 AD2d 616, 619-620 [2000], *lv dismissed* 95 NY2d 959 [2000]). In opposition, Swig's conclusory affidavits failed to raise a triable issue of fact as to either the bona fides of the payment or the reasonableness of its amount (*see International Fid. Ins. Co. v Spadafina,* 192 AD2d 637, 639 [1993]).

USFIC's $2 million reserve was clearly reasonable in light of the claim demands made on it (in excess of $500,000), the unresolved complaint of A.D. Winston (in excess of $290,000), and the amount sought in the *Beekman International* action (in excess of $1 million), all of which were referenced in USFIC's initial moving papers (*see BIB Constr. Co. v Fireman's Ins. Co. of Newark, N.J.,* 214 AD2d 521, 523 [1995]).

Based on the record, the discovery that has already taken place, and the lack of a showing of what further evidence might be unearthed, the asserted need for further discovery reduces itself to a "mere hope," which is insufficient to defeat summary judgment (*Steinberg v Abdul,* 230 AD2d 633 [1996]).

We have considered Swig's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Andrias, Williams, Buckley and Acosta, JJ.