■ Antoinette Beshara, Appellant, v George Beshara, Respondent. [858 NYS2d 351]—

In an action, inter alia, pursuant to RPAPL article 9 for the partition and sale of certain real property and for a judgment declaring that the plaintiff owns an undivided one-half interest in the real property, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings

County (Kramer, J.), dated July 5, 2007, as denied that branch of her cross motion which was for summary judgment.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the plaintiff's cross motion which was for summary judgment is granted, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment, inter alia, declaring that the plaintiff owns an undivided one-half interest in the subject property.

The plaintiff and the defendant are siblings. Their mother Marie Beshara (hereinafter the mother) owned certain real property in Brooklyn (hereinafter the subject property). By bargain and sale deed dated March 4, 1996, the mother purportedly conveyed title to the subject property from her, as sole owner, to her and the defendant, as joint tenants, with a right of survivorship. Thereafter, by quitclaim deed dated August 14, 1996, the mother purportedly conveyed her fee interest in the subject property to the plaintiff, reserving a life estate to herself. The mother's signature and acknowledgment on that deed were notarized by Paul Fink, Esq.

On April 25, 2006 the mother died. Thereafter, the plaintiff commenced the instant action, inter alia, for the partition and sale of the subject property and for a judgment declaring that she owns an undivided one-half interest therein. After issue was joined, the plaintiff cross-moved, among other things, for summary judgment. The Supreme Court denied that branch of the plaintiff's cross motion which was for summary judgment. We reverse the order insofar as appealed from.

"A certificate of acknowledgment attached to an instrument such as a deed raises a presumption of due execution, which presumption, in a case such as this, can be rebutted only after being weighed against any evidence adduced to show that the subject instrument was not duly executed" (*Son Fong Lum v Antonelli*, 102 AD2d 258, 260-261 [1984], *affd* 64 NY2d 1158 [1985]; *see Paciello v Graffeo*, 32 AD3d 461, 462 [2006]; *Osborne v Zornberg*, 16 AD3d 643, 644 [2005]; *Elder v Elder*, 2 AD3d 671, 672 [2003]; *Albin v First Nationwide Network Mtge. Co.*, 248 AD2d 417, 418 [1998]). "[A] certificate of acknowledgment should not be overthrown upon evidence of a doubtful character, such as the unsupported testimony of interested witnesses, nor upon a bare preponderance of evidence, but only on proof so clear and convincing so as to amount to a moral certainty" (*Albany County Sav. Bank v McCarty*, 149 NY 71, 80 [1896]; *see Paciello v Graffeo*, 32 AD3d at 462; *Osborne v Zornberg*, 16 AD3d at 644; 1 NY Jur 2d, Acknowledgments § 30, at 258).

Here, the plaintiff made a prima facie showing of entitlement

to judgment as a matter of law by submitting, inter alia, the certificate of acknowledgment which was attached to the executed and duly notarized deed dated August 14, 1996 (*see Elder v Elder*, 2 AD3d at 672). In opposition thereto, the defendant failed to rebut the presumption of that deed's validity created by the certificate of acknowledgment (*see Elder v Elder*, 2 AD3d at 672; *Son Fong Lum v Antonelli*, 102 AD2d at 261). Accordingly, the Supreme Court should have granted that branch of the plaintiff's cross motion which was for summary judgment.

The defendant's remaining contentions are without merit.

Since this is, in part, an action for a declaratory judgment, the matter must be remitted to the Supreme Court, Kings County, for the entry of a judgment, inter alia, declaring that the plaintiff owns an undivided one-half interest in the subject property (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Mastro, J.P., Rivera, Angiolillo and McCarthy, JJ., concur.