■ HUMPHREYS & HARDING, INC., Respondent, v UNIVERSAL BONDING INSURANCE COMPANY, Defendant and Third-Party Plaintiff-Respondent. WELCH CONSTRUCTION CORP. et al., Third-Party Defendants-Appellants. [861 NYS2d 4]—

Judgment, Supreme Court, New York County (Karla Moskowitz, J.), entered August 17, 2007, in an action by a general contractor (Humphreys) on a performance bond and a third-party action by the bonding company (Universal) against the subcontractor (Welch), in favor of Universal against Welch in the principal amount of $285,284.28, plus interest, costs and disbursements, pursuant to an order, same court and Justice, entered July 11, 2007, which, insofar as appealed from as limited by the briefs, granted Universal's motion for summary judgment declaring that Welch is liable to Universal for its losses, costs and expenses pursuant to an indemnity agreement, and severed the remainder of the third-party action, unanimously affirmed, without costs. Order, same court and Justice, entered January 25, 2007, which, insofar as appealed from as limited by the briefs, denied Welch's cross motion for summary judgment on its cross claim against Humphreys for breach of contract, unanimously affirmed, without costs. Order, same court and Justice, entered October 31, 2007, which granted Welch's motion to amend its pleadings but only to the extent of eliminating a counterclaim and adding a cross claim as against Humphreys, unanimously affirmed, without costs. Appeal from July 11, 2007 order unanimously dismissed, without costs, as subsumed in the appeal from the August 17, 2007 judgment.

Humphreys contracted with a nursing home for the renovation of its existing facility as well as the construction of a new wing. Humphreys entered into a subcontract with Welch to perform the drywall and rough carpentry work, and at the same time, Universal, as surety, issued a performance bond guaranteeing Welch's performance. Welch and Universal had also entered into a general indemnity agreement whereby Welch agreed to indemnify Universal for any losses it incurred in its role as surety on the project. Welch subsequently expressed that it was unable to complete its work on the project due to financial difficulties, and Universal contracted with another contractor to complete Welch's work.

Humphreys commenced an action against Universal on the performance bond alleging that it suffered damages as a result of Universal's delay in obtaining the completion contractor, and Universal commenced a third-party action against Welch for, inter alia, a judgment directing that Welch was liable for Universal's losses, costs and expenses pursuant to the general indemnity agreement. Welch asserted a cross claim against Humphreys and Universal and alleged, inter alia, that its failure to perform was due to delays on the project attributable to others, including Humphreys, and because of Humphreys' failure to make timely payments.

The court properly denied summary judgment to Welch on its cross claim against Humphreys, as triable issues of fact were raised in the conflicting reports submitted by their experts. Although Welch's expert stated that at the time Welch stopped working on the project it had substantially completed its work and that no delays were caused by Welch, Humphreys submitted evidence that the vast majority of delays on the project were attributable to Welch and that all required payments were timely made.

Summary judgment was properly granted to Universal upon its prima facie showing of entitlement to relief from Welch, which did not raise issues of fact (*see BIB Constr. Co. v Fireman's Ins. Co. of Newark, N.J.*, 214 AD2d 521, 523-524 [1995]). Once Welch announced that it was unable to complete its work under the project, Universal was required to fulfill Welch's obligations and Universal provided proof of payment to the completion contractor (*see Prestige Decorating & Wallcovering, Inc. v United States Fire Ins. Co.*, 49 AD3d 406 [2008]; *Frontier Ins. Co. v Renewal Arts Contr. Corp.*, 12 AD3d 891 [2004]). Contrary to Welch's contention, Universal, as surety, was entitled to indemnification under the indemnity agreement "regardless of whether the principal was actually in default or liable under its contract with the obligee" (*id.* at 892).

Welch's motion to amend its pleadings to the extent it sought to add a counterclaim against Universal was properly denied, due to Welch's failure to timely submit an affidavit of merit (*see Schulte Roth & Zabel, LLP v Kassover*, 28 AD3d 404 [2006]), and because the proposed counterclaim against Universal is not viable (*see Morgan v Prospect Park Assoc. Holdings*, 251 AD2d 306 [1998]).

We have considered Welch's remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Catterson, Acosta and Renwick, JJ. [*See* 2007 NY Slip Op 32104(U).]