■ JOHN DEERE INSURANCE COMPANY, Appellant, v GBE/ ALASIA CORP. et al., Defendants, and JOHN RUSIN et al., Respondents. [869 NYS2d 198]—

"New York courts have held that pursuant to an indemnity agreement such as that signed by the defendants, 'the surety is entitled to indemnification upon proof of payment, unless payment was made in bad faith or was unreasonable in amount, and this rule applies regardless of whether the principal was actually in default or liable under its contract with the obligee' " (*Lee v T.F. DeMilo Corp.*, 29 AD3d 867, 868 [2006], quoting *Frontier Ins. Co. v Renewal Arts Contr. Corp.*, 12 AD3d 891, 892 [2004]). Thus, under this analysis, it is irrelevant whether the indemnitor was actually liable on the underlying debt (*see Frontier Ins. Co. v Renewal Arts Contr. Corp.*, 12 AD3d at 892; *International Fid. Ins. Co. v Spadafina*, 192 AD2d 637, 639 [1993]). "Payment is made in good faith if the surety pays the claims 'in the honest belief that it was liable for such claims' " (*Lee v T.F. DeMilo Corp.*, 29 AD3d at 868, quoting *Maryland Cas. Co. v Grace*, 292 NY 194, 200 [1944]).

Here, the plaintiff made a prima facie showing of entitlement to summary judgment on the first cause of action and as to the issue of liability on the second cause of action by, inter alia, submitting an affidavit by Gary Mitchell, a consultant who worked on the plaintiff's account for the firm that handled claims against surety bonds executed by the plaintiff, which established the amount of payments made by the plaintiff under the bond at issue. In opposition, the defendant John Rusin's conclusory claims and the documents he submitted in connection therewith were insufficient to raise a triable issue of fact (*see Prestige Decorating & Wallcovering, Inc. v United States Fire Ins. Co.*, 49 AD3d 406, 407 [2008]; *Utica Mut. Ins. Co. v Magwood Enters., Inc.*, 15 AD3d 471, 472 [2005]; *International Fid. Ins. Co. v Spadafina*, 192 AD2d at 639).

The defendant Leila Rusin claimed that the signature on the general indemnity agreement (hereinafter the Agreement), pursuant to which the plaintiff seeks recovery, which bore the acknowledgment of a notary public, was not hers. " 'A certificate of acknowledgment attached to an instrument such as a deed raises a presumption of due execution, which presumption, in a case such as this, can be rebutted only after being weighed against any evidence adduced to show that the subject instrument was not duly executed' " (*Beshara v Beshara*, 51 AD3d

837, 838 [2008], quoting *Son Fong Lum v Antonelli*, 102 AD2d 258, 260-261 [1984], *affd* 64 NY2d 1158 [1985]; *see Paciello v Graffeo*, 32 AD3d 461, 462 [2006]; *Osborne v Zornberg*, 16 AD3d 643, 644 [2005]). " '[A] certificate of acknowledgment should not be overthrown upon evidence of a doubtful character, such as the unsupported testimony of interested witnesses, nor upon a bare preponderance of evidence, but only on proof so clear and convincing so as to amount to a moral certainty' " (*Beshara v Beshara*, 51 AD3d at 838, quoting *Albany County Sav. Bank v McCarty*, 149 NY 71, 80 [1896]; *see Paciello v Graffeo*, 32 AD3d at 462; *Osborne v Zornberg*, 16 AD3d at 644; 1 NY Jur 2d, Acknowledgments § 30, at 258). The conclusory affidavit of Leila Rusin, an interested witness, was insufficient to raise a triable issue of fact to rebut the presumption of due execution (*see generally Albany County Sav. Bank v McCarty*, 149 NY 71, 80 [1896]; *Beshara v Beshara*, 51 AD3d at 838; *Paciello v Graffeo*, 32 AD3d at 462; *Osborne v Zornberg*, 16 AD3d at 644; 1 NY Jur 2d, Acknowledgments § 30, at 258; *compare Midfirst Bank v Rath*, 270 AD2d 932 [2000], *with Seaboard Sur. Co. v Earthline Corp.*, 262 AD2d 253 [1999]). Moreover, while Leila Rusin submitted copies of her driver's license and passport, both of which presumably bore her signature, she submitted no evidence, such as the affidavit of a handwriting expert or of a lay witness who was present at the execution of the Agreement or who was otherwise familiar with her handwriting, to establish that the signature on the Agreement was not hers. Accordingly, she failed to raise a triable issue of fact to rebut the presumption of due execution.

The Supreme Court improperly concluded that paragraph 10 of the Agreement contained a condition precedent to the plaintiff's recovery thereunder (*see generally Oppenheimer & Co. v Oppenheim, Appel, Dixon & Co.*, 86 NY2d 685, 690 [1995]; *Unigard Sec. Ins. Co. v North Riv. Ins. Co.*, 79 NY2d 576 [1992]; *Ashkenazi v Kent S. Assoc., LLC*, 51 AD3d 611, 611 [2008]; *Kass v Kass*, 235 AD2d 150, 159 [1997], *affd* 91 NY2d 554 [1998]). The court also improperly concluded that issues of fact or conflicting inferences arose precluding summary judgment in the plaintiff's favor based on prior litigation between the parties and based on the plaintiff's failure to include the last page of the payment bond, the validity and effect of which was not disputed.

Since it is not clear on the record before us whether the amount the plaintiff seeks in damages under the second cause of action includes amounts to which it would not be entitled as a result of the settlement in the prior federal action, we remit

the matter to the Supreme Court, Westchester County, for a determination as to the amount of damages under the second cause of action. Mastro, J.P., Rivera, Fisher and Eng, JJ., concur.