■ In the Matter of ELEANOR TRAVERS, Respondent, v KENNETH BROWN, Appellant. [899 NYS2d 628]—

In a turnover proceeding pursuant to SCPA article 21 to recover real property, Kenneth Brown appeals from a decree of the Surrogate's Court, Kings County (Torres, S.), dated August 6, 2008, which, upon a decision dated July 16, 2008, made after a nonjury trial, determined that real property located on Union Street in Brooklyn was an asset of the estate of Glenfield Greene and set aside and vacated a deed dated May 13, 1988, and recorded on April 22, 2005, transferring the property from Glenfield Greene, as grantor, to Glenfield Greene and him, as grantees.

Ordered that the decree is affirmed, with costs payable by the appellant personally.

The petitioner, as temporary administrator of the estate of Glenfield Greene (hereinafter the decedent), commenced this

proceeding seeking to recover for the estate real property located on Union Street in Brooklyn (hereinafter the property). The petitioner alleged that the decedent's signature on a deed dated May 13, 1988 (hereinafter the deed), transferring the property from the decedent, as grantor, to the decedent and her nephew, Kenneth Brown (hereinafter the appellant), as grantees, was a forgery. The deed was recorded on April 22, 2005, shortly before the decedent's death on May 1, 2005. After a nonjury trial, by decree dated August 6, 2008, the Surrogate's Court granted the petition, determined that the property was an asset of the estate, and set aside and vacated the deed. We affirm.

Contrary to the appellant's contention, the petitioner demonstrated by evidence " 'so clear and convincing as to amount to a moral certainty' " (*Rivera v Hernandez*, 277 AD2d 301, 302 [2000], quoting *Albany County Sav. Bank v McCarty*, 149 NY 71, 80 [1896]) that the purported signature of the decedent on the deed was a forgery (*see Bryant v Bryant*, 58 AD3d 496, 496 [2009]).

The appellant's further contention that the Surrogate's Court improperly admitted the testimony of a witness for the petitioner in violation of the Dead Man's Statute (*see* CPLR 4519) is without merit. The testimony at issue, to the extent it concerned the witness's personal transactions or communications (*see* CPLR 4519) with the decedent, was not offered in the witness's "own behalf or interest" and "against the executor, administrator or survivor" of the decedent (*id.*; *see Brezinski v Brezinski*, 84 AD2d 464, 468 [1982]). In any event, the witness was not a person "interested in the event" within the meaning of the statute (*see Smith v Kuhn*, 221 AD2d 620, 621 [1995]; *Matter of Murray v Smith*, 155 AD2d 963, 963 [1989]).

The appellant's remaining contentions are without merit. Rivera, J.P., Angiolillo, Balkin and Leventhal, JJ., concur.