■ DIANE KAMEN CLARK, Appellant, v MORTGAGE SERVICES UNLIMITED et al., Defendants, and WASHINGTON MUTUAL BANK, F.A., Respondent. [912 NYS2d 269]—

In an action, inter alia, to set aside two deeds to real property, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Seidell, J.H.O.), dated August 21, 2009, which, after a nonjury trial, directed dismissal of the seventh cause of action insofar as asserted against the defendant Washington Mutual Bank, F.A.

Ordered that on the Court's own motion, the notice of appeal is deemed an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed, with costs.

The plaintiff claimed that her acknowledged signatures on two deeds dated January 23, 2002, and November 23, 2004, respectively, each transferring property, were forged, and that therefore the mortgage lien on the property held by the defendant Washington Mutual Bank, F.A. (hereinafter Washington Mutual) was invalid. " '[A] certificate of acknowledgment should not be overthrown upon evidence of a doubtful character, such as the unsupported testimony of interested witnesses, nor upon a bare preponderance of evidence, but only on proof so clear and convincing so as to amount to a moral certainty' " (*John Deere Ins. Co. v GBE/Alasia Corp.*, 57 AD3d 620, 622 [2008], quoting *Beshara v Beshara*, 51 AD3d 837, 838 [2008]; *Albany County Sav. Bank v McCarty*, 149 NY 71, 80 [1896]; *see Paciello v Graffeo*, 32 AD3d 461, 462 [2006]; *Osborne v Zornberg*, 16 AD3d 643, 644 [2005]). Here, the plaintiff's testimony was insufficient to show proof of forgery, or to rebut the presumption of due execution on either deed (*see John Deere Ins. Co. v GBE/Alasia Corp.*, 57 AD3d at 621; *Beshara v Beshara*, 51 AD3d at 839; *Rivera v Hernandez*, 277 AD2d 301 [2000]; *Paciello v Graffeo*, 32 AD3d 461 [2006]; *compare Matter of Travers v Brown*, 72

AD3d 979 [2010]; *Bryant v Bryant*, 58 AD3d 496 [2009]; *see generally Albany County Sav. Bank v McCarty*, 149 NY at 80). Moreover, the plaintiff submitted no evidence, such as the affidavit of a handwriting expert or of a lay witness who was present at the execution of the deeds or who was otherwise familiar with her handwriting, to establish that the signatures on the deeds were not hers. Accordingly, she failed to raise a triable issue of fact to rebut the presumption of due execution (*see John Deere Ins. Co. v GBE/Alasia Corp.*, 57 AD3d at 622), and, therefore, the Supreme Court properly directed dismissal of the seventh cause of action insofar as asserted against Washington Mutual. Skelos, J.P., Covello, Balkin and Sgroi, JJ., concur.