■ GERSON NEUMAN, Individually and as Administrator of the Estate of NANDOR NEUMANN, Deceased, Respondent, v DA-

VID NEUMANN et al., Defendants, and CITIBANK, N.A., as Successor in Interest to Sterling Empire Funding Associates, Ltd., Appellant. [971 NYS2d 322]—

In an action to set aside, on the ground of fraud, a conveyance of certain real property and five mortgages encumbering the real property, to recover damages, among other things, for fraud and conversion, and for declaratory relief, the defendant Citibank N.A., as successor in interest to Sterling Empire Funding Associates, Ltd., appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Rockland County (Berliner, J.), dated April 17, 2012, as amended April 27, 2012, as, upon a decision dated April 2, 2012, made after a nonjury trial, declared that a certain power of attorney is void as a forgery, that a deed to the subject premises executed by the defendant David Neumann pursuant to the power of attorney and tendered to the defendant Yehuda Brull is void, and that a mortgage on the subject property given by the defendant Yehuda Brull in favor of Sterling Empire Funding Associates, Ltd., is void.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The plaintiff, Gerson Neuman, individually and as the administrator of the Estate of Nandor Neumann, commenced this action for a judgment, inter alia, declaring that a power of attorney authorizing the defendant David Neumann to convey a certain parcel of property owned by the plaintiff is void. The plaintiff also sought a declaration that a deed, executed by Neumann in his capacity as the plaintiff's attorney-in-fact, and conveying the subject real property to the defendant Yehuda Brull, is void, and that five mortgages on the subject property that were given by Brull to lenders, including Sterling Empire Funding Associates, Ltd. (hereinafter Sterling), are void. The plaintiff commenced this action against, among others, Neumann, Brull and Sterling, which was succeeded in interest by the appellant, Citibank, N.A. (hereinafter Citibank).

After a nonjury trial, the Supreme Court concluded that the plaintiff proved that the subject power of attorney was forged. The Supreme Court thereafter issued a judgment, inter alia, declaring that the power of attorney, the deed executed and tendered on the authority of the power of attorney, and the five mortgages secured by the subject property that were given on the authority of the deed to several lenders are void.

"In reviewing a determination made after a nonjury trial, the

power of this Court is as broad as that of the trial court, and this Court may render the judgment it finds 'warranted by the facts,' bearing in mind that in a close case, the trial judge had the advantage of seeing the witnesses and hearing the testimony" (*Galchi v Garabedian*, 105 AD3d 700, 701 [2013], quoting *Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]).

"A certificate of acknowledgment attached to an instrument such as a deed raises a presumption of due execution" (*John Deere Ins. Co. v GBE/Alasia Corp.*, 57 AD3d 620, 621 [2008] [citations and internal quotation marks omitted]). "[A] certificate of acknowledgment should not be overthrown upon evidence of a doubtful character, such as the unsupported testimony of interested witnesses, nor upon a bare preponderance of evidence, but only on proof so clear and convincing so as to amount to a moral certainty" (*id.* at 622 [citations and internal quotation marks omitted]; *see Beshara v Beshara*, 51 AD3d 837, 839 [2008]).

In concluding that the subject power of attorney had been forged, the Supreme Court recited the incorrect "preponderance of the evidence" standard, rather than the applicable "clear and convincing evidence" standard (*John Deere Ins. Co. v GBE/Alasia Corp.*, 57 AD3d at 621). Notwithstanding this error, we find on this record that there nonetheless existed clear and convincing evidence that the power of attorney was in fact forged, particularly in light of the undisputed evidence showing that the plaintiff, as the former owner of the subject property, received no consideration from the sale of the property or from the subject mortgage loans. Since the power of attorney was forged and, as a result, was void, the subject deed and mortgage are, therefore, also void (*see Matter of Travers v Brown*, 72 AD3d 979, 980 [2010]; *Bryant v Bryant*, 58 AD3d 496 [2009]).

Contrary to the appellant's contention, reversal or remittal is not required here, despite the failure of the Supreme Court to set forth the essential facts upon which it relied or to apply the proper standard of proof, as the record is sufficient for this Court to conduct an independent review of the evidence, and we find no basis to disturb the trial court's determination here. Angiolillo, J.P., Chambers, Sgroi and Cohen, JJ., concur.