■ TRIBECA LENDING CORP., Respondent, v SERIF HUSEINOVIC et al., Defendants, and BAJRAM HUSEINOVIC, Appellant. [57 NYS3d 196]—

In an action to foreclose a mortgage, the defendant Bajram Huseinovic appeals from an interlocutory judgment of the Supreme Court, Richmond County (Straniere, J.), dated July 16, 2014, which, upon an order of the same court (Maltese, J.) dated November 7, 2013, granting the plaintiff's motion for summary judgment striking those portions of his answer which denied that he signed a mortgage, among other things, declared that the plaintiff's mortgage contains his duly acknowledged signature.

Ordered that the interlocutory judgment is affirmed, with costs.

On March 4, 2004, the appellant, Bajram Huseinovic, and his wife, Remzija Huseinovic, purchased a parcel of residential property in Staten Island. To finance this purchase, the Huseinovics obtained a loan in the original principal sum of $170,000, simultaneously executing and delivering a mortgage and note in favor of SI Bank & Trust.

By deed dated and recorded on October 25, 2005, the appellant and Remzija Huseinovic conveyed their interest in the premises to themselves, as husband and wife, and to their son, the defendant Serif Huseinovic, as joint tenants, with rights of survivorship. Thereafter, by deed dated December 20, 2005, and recorded February 14, 2006, the appellant, Remzija Huseinovic, and Serif Huseinovic conveyed their interest in the premises to the appellant and Serif Huseinovic, as joint tenants with rights of survivorship. On June 26, 2006, the appellant, Remzija Huseinovic, and Serif Huseinovic obtained a mortgage from Ocean Bank, F.S.B. in the sum of $130,000.

On or about September 17, 2007, Serif Huseinovic signed and delivered a note, and the appellant and Serif Huseinovic executed and delivered a mortgage to the plaintiff, Tribeca Lending Corp. (hereinafter Tribeca), in the principal sum of $404,950. It is undisputed that the SI Bank & Trust and Ocean Bank, F.S.B. mortgages, which were recorded liens against the premises, were satisfied via payment of $296,402.33 from the Tribeca loan proceeds.

After default in payment, Tribeca commenced the instant action to foreclose its mortgage. In his answer, the appellant denied knowledge of the Tribeca mortgage and denied ever executing same. Tribeca thereafter moved for summary judgment

striking those portions of the appellant's answer which denied that he signed the Tribeca mortgage. The Supreme Court granted the motion, and subsequently entered an interlocutory judgment declaring that the Tribeca mortgage contains the appellant's duly acknowledged signature.

A certificate of acknowledgment attached to an instrument such as the subject mortgage "raises a presumption of due execution," which presumption "can be rebutted only after being weighed against any evidence adduced to show that the subject instrument was not duly executed" (*John Deere Ins. Co. v GBE/Alasia Corp.*, 57 AD3d 620, 621 [2008] [internal quotation marks omitted]). Here, Tribeca made a prima facie showing of entitlement to judgment as a matter of law by submitting, inter alia, the certificate of acknowledgment which was attached to the executed and duly notarized Tribeca mortgage, bearing the signature of the appellant. In opposition thereto, the appellant failed to rebut the presumption created by the certificate of acknowledgment that he duly executed Tribeca's mortgage (*see Clark v Mortgage Servs. Unlimited*, 78 AD3d 1104, 1104 [2010]; *John Deere Ins. Co. v GBE/Alasia Corp.*, 57 AD3d at 621; *Beshara v Beshara*, 51 AD3d 837, 839 [2008]). Accordingly, the Supreme Court properly granted Tribeca's motion for summary judgment. Mastro, J.P., Balkin, Cohen and Brathwaite Nelson, JJ., concur.