First Am. Tit. Ins. Co. v Chavannes (2019 NY Slip Op 07053)





First Am. Tit. Ins. Co. v Chavannes


2019 NY Slip Op 07053


Decided on October 2, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2013-05150
2013-08075
 (Index No. 25961/06)

[*1]First American Title Insurance Company, etc., respondent, 
v
Marie L. Chavannes, etc., appellant, et al., defendant.


David McGruder, New York, NY, for appellant.
Malapero Prisco & Klauber, LLP, White Plains, NY (Joseph J. Prisco of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for fraud, the defendant Marie L. Chavannes appeals from (1) an order of the Supreme Court, Kings County (Bernard J. Graham, J.), dated April 4, 2013, and (2) an order and judgment (one paper) of the same court entered May 21, 2013. The order, insofar as appealed from, in effect, granted those branches of the motion of Golden Grand Developers, LLC, as assignee of the plaintiff, which were to substitute First American Title Insurance Company as the plaintiff pursuant to CPLR 1018 and 1021, to amend the caption to reflect the substitution, and for summary judgment in favor of First American Title Insurance Company on the cause of action alleging fraud. The order and judgment, inter alia, granted those branches of the motion of Golden Grand Developers, LLC, as assignee of the plaintiff, which were to substitute First American Title Insurance Company as the plaintiff pursuant to CPLR 1018 and 1021, to amend the caption to reflect the substitution, and for summary judgment in favor of First American Title Insurance Company on the cause of action alleging fraud, and is in favor of First American Title Insurance Company and against the defendants in the principal sum of $190,000.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the appeal from so much of the order and judgment as granted that branch of the motion of Golden Grand Developers, LLC, which was for summary judgment in favor of First American Title Insurance Company on the cause of action alleging fraud insofar as asserted against the defendant Marvin Comond and is in favor of First American Title Insurance Company and against the defendant Marvin Comond is dismissed, as the defendant Marie L. Chavannes is not aggrieved by those portions of the order and judgment (see CPLR 5511); and it is further,
ORDERED that the order and judgment is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order dated April 4, 2013, must be dismissed because the right [*2]of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order and judgment (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
Robert Comond commenced this action, inter alia, to recover damages for fraud against, among others, Marvin Comond, Marie L. Chavannes, and Golden Grand Developers, LLC (hereinafter Golden Grand). Robert alleged that his son, Marvin, and Chavannes, his former wife, forged his signature on a power of attorney and used the power of attorney to execute a deed conveying certain real property jointly owned by him and Chavannes to Golden Grand. The action was "marked disposed" after Robert failed to file a note of issue within the time frame set by the Supreme Court. Robert moved to restore the action, and the motion was granted in an order dated April 16, 2010. On that same date, a stipulation of settlement was placed upon the record in open court, and the stipulation was then reduced to writing and signed by all parties except Marvin and Chavannes. The stipulation provided in material part that Golden Grand would pay $190,000 to Robert and that Robert would assign his fraud cause of action against Chavannes and Marvin to Golden Grand.
Thereafter, the action was dismissed as "abandoned" during a period in which an automatic stay pursuant to 11 USC § 362(a)(1) was in effect due to Chavannes having filed for bankruptcy. After the bankruptcy proceedings were resolved, Golden Grand moved to restore the action, to substitute First American Title Insurance Company (hereinafter First American), Golden Grand's title insurer, as the plaintiff pursuant to CPLR 1018 and 1021, to amend the caption to reflect the substitution, and for summary judgment in favor of First American on the fraud cause of action against Chavannes and Marvin. In an order dated April 4, 2013, the Supreme Court, in effect, granted the motion. On May 21, 2013, the court entered an order and judgment which granted the motion and is in favor of First American and against Chavannes and Marvin in the principal sum of $190,000. Chavannes appeals.
To the extent that Chavannes argues that the order and judgment should be reversed as to Marvin, the propriety of the orders dated April 16, 2010, and April 4, 2013, insofar as they pertain to Marvin is not properly before this Court, as Chavannes is not aggrieved by the portion of the order and judgment that pertains to Marvin (see CPLR 5511).
Although Chavannes contends that the Supreme Court improperly granted Robert's motion to restore the action in the order dated April 16, 2010, she is precluded on appeal from challenging the propriety of that order since she did not oppose the motion and is, therefore, not aggrieved by the determination to grant it (see CPLR 5511; Wells Fargo Bank, N.A. v Estwick, 160 AD3d 911, 911).
Upon the submissions by Golden Grand that it had received an assignment of Robert's interest in this action and that it had thereafter assigned such interest to First American, the Supreme Court providently exercised its discretion in granting those branches of Golden Grand's motion which were to substitute First American as the plaintiff and to amend the caption accordingly (see CPLR 1018; 41st Rd. Props., LLC v Wang Real Prop., LLC, 164 AD3d 455, 458).
We agree with the Supreme Court's determination to grant that branch of Golden Grand's motion which was for summary judgment in favor of First American on the cause of action alleging fraud insofar as asserted against Chavannes. Golden Grand submitted clear and convincing evidence that the signatures on the contract of sale and the power of attorney used to execute the deed were forged and that Chavannes forged the signature on the contract of sale, among other things (see Lama Holding Co. v Smith Barney, 88 NY2d 413, 421; John Deere Ins. Co. v GBE/Alasia Corp., 57 AD3d 620, 621). Chavannes failed to raise a triable issue of fact in opposition.
SCHEINKMAN, P.J., MALTESE, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court