Deutsche Bank Natl. Trust Co. v Steward (2020 NY Slip Op 02457)





Deutsche Bank Natl. Trust Co. v Steward


2020 NY Slip Op 02457


Decided on April 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
JOHN M. LEVENTHAL
FRANCESCA E. CONNOLLY, JJ.


2017-01045
 (Index No. 38154/11)

[*1]Deutsche Bank National Trust Company, etc., respondent,
v
Jeanette Steward, et al., defendants, Diane Clark, appellant.


Sheehan & Associates, P.C., Great Neck, NY (Spencer Sheehan of counsel), for appellant.
McGlinchey Stafford PLLC, New York, NY (Brian S. McGrath and Kristen D. Romano of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Diane Clark appeals from an order of the Supreme Court, Suffolk County (Robert F. Quinlan, J.), dated December 19, 2016. The order, insofar as appealed from, denied those branches of her motion which were for a stay of the proceedings and for a judgment declaring that the subject mortgage is null and void.
ORDERED that the appeal from so much of the order as denied that branch of the motion of the defendant Diane Clark which was for a stay of the proceedings is dismissed as academic; and it is further,
ORDERED that the order is affirmed insofar as reviewed, with costs.
In 2005, the defendant Diane Clark commenced an action, inter alia, to set aside two deeds to real property (hereinafter the 2005 action). Clark alleged that her acknowledged signatures on two deeds dated January 23, 2002, and November 23, 2004, respectively, each transferring property, were forged, and that therefore the mortgage lien on the property held by Washington Mutual Bank, F.A. (hereinafter Washington Mutual), was invalid. After a nonjury trial in the 2005 action, the Supreme Court directed dismissal of the seventh cause of action, which sought a judgment declaring Washington Mutual's mortgage lien invalid, insofar as asserted against Washington Mutual. Clark appealed, and this Court affirmed, holding that Clark failed "to rebut the presumption of due execution on either deed" (Clark v Mortgage Servs. Unlimited, 78 AD3d 1104, 1104).
The mortgage lien on the property held by Washington Mutual was later assigned to the plaintiff, Deutsche Bank National Trust Company (hereinafter Deutsche Bank). The defendant borrower, Jeanette Steward, defaulted on the mortgage, and on December 11, 2014, Deutsche Bank commenced the instant foreclosure action against Steward and Clark, among others. Steward failed to appear or answer. Clark interposed an answer, asserting three affirmative defenses, all relating to Deutsche Bank's standing.
In May 2014, Deutsche Bank moved, inter alia, for leave to enter a default judgment against the nonappearing defendants and for summary judgment on its complaint insofar as asserted against Clark. Clark opposed the motion. In an order dated March 28, 2016, the Supreme Court, following oral argument, granted Deutsche Bank's motion. Clark did not appeal from this order.
Thereafter, Deutsche Bank moved for a judgment of foreclosure and sale. Clark then moved by order to show cause, inter alia, for a stay of the foreclosure proceedings and for a judgment declaring that the subject mortgage is null and void. In an order dated December 19, 2016, the Supreme Court, inter alia, denied those branches of Clark's motion. Clark appeals.
As asserted in her motion, Clark contends that the deeds dated January 23, 2002, and November 23, 2004, each transferring the property, are void ab initio, and therefore, the subject mortgage lien is invalid. However, consideration of these issues is barred by the doctrines of res judicata and collateral estoppel.
"Under the doctrine of res judicata, a final judgment precludes reconsideration of all claims which could have or should have been litigated in the prior proceedings against the same party" (Breslin Realty Dev. Corp. v Shaw, 72 AD3d 258, 263; see Goldman v Rio, 104 AD3d 729, 730). Under the related doctrine of collateral estoppel, relitigation of an issue which has necessarily been decided in a prior action and is determinative of the issues disputed in the present action is precluded provided that there was a full and fair opportunity to contest the decision now alleged to be controlling (see Capellupo v Nassau Health Care Corp., 97 AD3d 619, 621; Breslin Realty Dev. Corp. v Shaw, 72 AD3d at 263).
Here, the issues of fraud and forgery with respect to the subject deeds were necessarily determined and decided against Clark in the 2005 action, wherein the Supreme Court determined that Clark failed to "produce evidence that is clear and convincing of fraud and forgery." That determination was affirmed by this Court (see Clark v Mortgage Servs. Unlimited, 78 AD3d 1104). Clark's contention that the January 23, 2002, deed is void for uncertainty "could have been raised in the prior litigation" and, consequently, is precluded by the doctrine of res judicata (Matter of Hunter, 4 NY3d 260, 269; see Rowley, Forrest, O'Donnell & Beaumont, P.C. v Beechnut Nutrition Corp., 55 AD3d 982, 984).
Finally, to the extent that Clark contends that Deutsche Bank failed to establish its standing to commence the instant foreclosure action, that contention is not properly before this Court, as Clark did not appeal from the order that awarded Deutsche Bank summary judgment (see CPLR 5515; Community W. Bank, N.A. v Stephen, 153 AD3d 899, 900; Lewin v Levine, 146 AD3d 768, 770).
RIVERA, J.P., BALKIN, LEVENTHAL and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court