Liberty Mut. Ins. Co. v Active Fire Sprinkler NYC, LLC (2025 NY Slip Op 04465)

Liberty Mut. Ins. Co. v Active Fire Sprinkler NYC, LLC

2025 NY Slip Op 04465

Decided on July 30, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 30, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
LILLIAN WAN
PHILLIP HOM, JJ.

2023-12116
 (Index No. 515382/22)

[*1]Liberty Mutual Insurance Company, respondent,
v
Active Fire Sprinkler NYC, LLC, et al., appellants.

Domenick Napoletano, Brooklyn, NY, for appellants.
Chiesa Shahinian & Giantomasi, P.C., New York, NY (Brian H. Fischkin and Brian Kantar of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, for contractual indemnification, the defendants appeal from an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated December 7, 2023. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for leave to reargue those branches of its prior motion which were for summary judgment on the first cause of action, for contractual indemnification, in the principal sum of $411,972.10 and on the second cause of action, for costs and expenses, including attorneys' fees, which had been denied in an order of the same court dated September 28, 2023, and, upon reargument, in effect, vacated so much of the order dated September 28, 2023, as denied those branches of the plaintiff's prior motion, and thereupon, granted those branches of the plaintiff's prior motion, and referred the second cause of action to a referee to compute the amount due to the plaintiff.
ORDERED that the order dated December 7, 2023, is affirmed insofar as appealed from, with costs.
In March 2011, the defendants executed an indemnity agreement in favor of the plaintiff, in which the plaintiff agreed to secure surety bonds on behalf of the defendant Active Fire Sprinkler NYC, LLC (hereinafter Active Fire), for Active Fire's construction projects. Pursuant to the indemnity agreement, the defendants agreed to indemnify the plaintiff against any losses, fees, costs, and expenses that the plaintiff incurred from the issuance of such bonds and in enforcing its rights pursuant to the indemnity agreement. Thereafter, the plaintiff issued various bonds at the defendants' request. The defendants failed to compensate the plaintiff for the losses stemming from the issuance of those bonds in the principal sum of $411,972.10.
In May 2022, the plaintiff commenced this action, inter alia, for contractual indemnification and for costs and expenses, including attorneys' fees, resulting from enforcing its rights pursuant to the indemnity agreement. In August 2023, the plaintiff moved, among other things, for summary judgment on the first cause of action, for contractual indemnification, in the principal sum of $411,972.10 and on the second cause of action, for costs and expenses, including attorneys' fees. In an order dated September 28, 2023, the Supreme Court denied the plaintiff's motion, determining that the plaintiff failed to lay a proper foundation for the admissibility of certain business records referenced in a certain affidavit.
Thereafter, the plaintiff moved, inter alia, for leave to reargue those branches of its prior motion which were for summary judgment on the first cause of action, for contractual indemnification, in the principal sum of $411,972.10 and on the second cause of action, for costs and expenses, including attorneys' fees, and, upon reargument, for summary judgment on those causes of action. In an order dated December 7, 2023, the Supreme Court, among other things, granted that branch of the plaintiff's motion which was for leave to reargue, determining that it overlooked applicable law. Upon reargument, the court granted those branches of the plaintiff's prior motion which were for summary judgment on the first cause of action in the principal sum of $411,972.10 and on the second cause of action and referred the second cause of action to a referee to compute the amount due to the plaintiff. The defendants appeal.
"Motions for reargument are addressed to the sound discretion of the court that decided the original motion and may be granted upon a showing that the court overlooked or misapprehended the facts or law" (Bank of N.Y. Mellon v Mor, 201 AD3d 691, 694; see Kinard v New York City Tr. Auth., 233 AD3d 665, 666; Young v Crescent Coffee, Inc., 222 AD3d 704, 705). Here, the Supreme Court providently exercised its discretion in granting that branch of the plaintiff's motion which was for leave to reargue the subject branches of the prior motion as it failed to consider the arguments raised in the plaintiff's reply papers in determining the plaintiff's motion, inter alia, for summary judgment on the first cause of action in the principal sum of $411,972.10 and on the second cause of action (see Bank of N.Y. Mellon v Mor, 201 AD3d at 694).
Upon reargument, the Supreme Court properly granted those branches of the plaintiff's prior motion which were for summary judgment on the first cause of action in the principal sum of $411,972.10 and on the second cause of action (see Laffey Fine Homes of N.Y., LLC v 7 Cowpath, LLC, 210 AD3d 974, 975). Pursuant to an indemnity agreement, "the surety is entitled to indemnification upon proof of payment, unless payment was made in bad faith or was unreasonable in amount, and this rule applies regardless of whether the principal was actually in default or liable under its contract with the obligee" (Prestige Decorating & Wallcovering, Inc. v United States Fire Ins. Co., 49 AD3d 406, 406 [internal quotation marks omitted]; see Utica Mut. Ins. Co. v Cardet Constr. Co., Inc., 114 AD3d 847, 849; John Deere Ins. Co. v GBE/Alasia Corp., 57 AD3d 620, 621).
Contrary to the defendants' contention, the plaintiff's submission of the indemnity agreement and documentation demonstrating the plaintiff's provision of bonds and its payments to various claimants on behalf of the defendants, as well as an affidavit of personal knowledge of the plaintiff's regional vice president, which included an itemized list of payments made in connection with the bonds, was sufficient admissible evidence to demonstrate the plaintiff's prima facie entitlement to judgment as a matter of law on the first cause of action in the principal sum of $411,972.10 and on the second cause of action pursuant to the terms of the indemnity agreement (see International Fid. Ins. Co. v Kulka Constr. Corp., 100 AD3d 967, 968; Dramar Constr., Inc. v G & A Renovation & Restoration, 302 AD2d 487, 488; see also Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 201). In opposition, the defendants failed to raise a triable issue of fact.
The defendants' remaining contentions are either without merit or not properly before this Court.
CHAMBERS, J.P., MILLER, WAN and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court