Kelsey v Anonymous #2 (2025 NY Slip Op 04773)

Kelsey v Anonymous #2

2025 NY Slip Op 04773

Decided on August 27, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 27, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
LOURDES M. VENTURA, JJ.

2023-07746
 (Index No. 984/21)

[*1]Michael N. Kelsey, appellant, 
v
Anonymous #2, et al., respondents.

Michael N. Kelsey, Salt Point, NY, appellant pro se.
The Law Office of Bruce W. Slane, P.C., White Plains, NY (Jeremy D. Barberi of counsel), for respondents.

DECISION & ORDER
In an action for declaratory relief, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Thomas R. Davis, J.), dated April 10, 2023. The order dated April 10, 2023, upon an order of the same court (Christie L. D'Alessio, J.) dated October 4, 2022, inter alia, granting that branch of the defendants' motion which was pursuant to 22 NYCRR 130-1.1 for an award of attorney's fees and expenses for frivolous conduct, and upon a corrected order of the same court (Thomas R. Davis, J.) dated March 6, 2023, among other things, determining that the plaintiff engaged in additional frivolous conduct, directed the plaintiff to pay the sum of $8,516.82 for attorney's fees and expenses to the defendants.
ORDERED that the order dated April 10, 2023, is affirmed, with costs.
In 2017, the defendants commenced an action, inter alia, to recover damages for assault and battery against the plaintiff, among others (hereinafter the underlying action). In March 2022, the plaintiff, proceeding pro se, commenced this action against the defendants, seeking various forms of declaratory relief relating to the underlying action. In April 2022, the defendants moved, in effect, pursuant to CPLR 3211(a)(7) to dismiss the complaint and pursuant to 22 NYCRR 130-1.1 for an award of attorney's fees and expenses for frivolous conduct. In support of the latter branch of the motion, the defendants argued that the plaintiff's commencement and prosecution of this action constituted frivolous conduct. By order dated October 4, 2022, the Supreme Court, among other things, granted the defendants' motion and directed the defendants' counsel to submit proof of services rendered and expenses incurred in defending this action. The plaintiff thereafter moved, in effect, for leave to reargue his opposition to the defendants' prior motion, in effect, pursuant to CPLR 3211(a)(7) to dismiss the complaint and pursuant to 22 NYCRR 130-1.1 for an award of attorney's fees and expenses for frivolous conduct. In a corrected order dated March 6, 2023, the court denied the plaintiff's motion, in effect, for leave to reargue, determined that his filing thereof constituted additional frivolous conduct, and directed the defendants' counsel to submit proof of services rendered and expenses incurred, in effect, in opposing the motion. By order dated April 10, 2023, the court, upon reviewing the requested submissions from the defendants' counsel and the plaintiff's opposition thereto, directed the plaintiff to pay the sum of $8,516.82 for attorney's fees and expenses for his frivolous conduct to the defendants. The plaintiff appeals from the order dated April 10, 2023.
In his brief, the plaintiff contends that the Supreme Court improperly granted the defendants' motion to dismiss the complaint and for an award of attorney's fees and expenses for frivolous conduct. According to the plaintiff, he did not engage in frivolous conduct. He also argues that the court should not have denied his motion, in effect, for leave to reargue his opposition to the defendants' prior motion, in effect, to dismiss the complaint and for an award of attorney's fees and expenses for frivolous conduct and that his filing thereof did not constitute frivolous conduct. However, as the plaintiff's contentions relate to the motions decided in the order dated October 4, 2022, and the corrected order dated March 6, 2023, and he did not file a notice of appeal from either of those orders, his contentions are not properly before this Court (see CPLR 5515; Deutsche Bank Natl. Trust Co. v Steward, 182 AD3d 576, 578; Weinstein v Natalie Weinstein Design Assoc., Inc., 86 AD3d 641, 644). Since the plaintiff's challenge to the order dated April 10, 2023, is based solely on the propriety of determinations rendered in the order dated October 4, 2022, and the corrected order dated March 6, 2023, both of which he did not appeal from, and he has not challenged the Supreme Court's conclusion that the amount of the defendants' attorney's fees and expenses were reasonable, we affirm the order dated April 10, 2023 (see Karpen v Golden Jubilee Realty, LLC, 157 AD3d 779, 780; Osorio v Kenart Realty, Inc., 48 AD3d 650, 653-654).
BARROS, J.P., MILLER, DOWLING and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court